**J. Bruce MILLER, Administrator of the Estate of Jerry L. Roades, et al., Plaintiffs-Appellants,**

**Sheila O'Brien Swainbank, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 75–1055.**

United States Court of Appeals, Sixth Circuit.

Sept. 8, 1975.

Thomas C. Carroll, Donald W. Blackburn, Louisville, Ky., for plaintiffs-appellants.

Eugene E. Siler, U. S. Atty., Lexington, Ky., Irving Jaffe, Gerard R. Lear, Sp. Asst. U. S. Attys., Smiley & Lear, Gary W. Allen, F. A. A., Holly Parkhurst, Sp. Asst. U. S. Atty., Leonard Schaitman, Karen K. Siegel, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before MILLER and LIVELY, Circuit Judges, and FEIKENS,* District Judge.

PER CURIAM.

In *Reidinger v. Trans World Airlines, Inc.,* 463 F.2d 1017 (6th Cir. 1972), this

* The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

court held *inter alia* that summary judgments in favor of the United States and against representatives of the crew and a crew member of a TWA plane were improper and these cases were to be fully tried. Following remand, Judge Mac Swinford (United States District Court for the Eastern District of Kentucky) tried these cases.

Plaintiffs-appellants are the estates of four deceased crew members and one surviving crew member. Defendant-appellee is the United States. It is involved because of allegations made in a civil complaint against air traffic controllers at the Greater Cincinnati airport as employees of the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346.

There were genuine issues on material facts in at least five areas:

(1) Landing and weather information given to the crew,

(2) whether runway 18 or runway 36 should have been used by the aircraft,

(3) the conduct of the crew,

(4) whether or not the instruments on the aircraft were functioning correctly,

(5) proximate cause.

Our opinion details the specific fact offerings (463 F.2d at 1019–21, inclusive) in each of these areas and the respective contentions of the parties.

On remand the district court, following trial, entered judgment in favor of the air controllers (United States) and against the crew representatives and crew member.

This court has carefully considered the findings made by the district judge. It is clear that the court made specific findings and concluded that there was no actionable negligence on the part of the air controllers. In support of this conclusion the court found specific facts as to visibility and made a judgment as between conflicts in the evidence regarding this. In like fashion, a finding was made that the aircraft was properly informed of prevailing meteorological conditions and that a report that visibility had been diminished to one-half mile with snow and haze was likewise given to the crew.

There was a finding with regard to the conflict in contentions respecting the two runways and the decision not to divert Flight 128 to runway 36. Again, the court considered conflicts in the evidence and made specific findings. In like fashion, proximate cause was considered and decided. As a corollary to these findings, the court took up and then determined the evidence with regard to the conduct of the crew as it related to the matter of causation. The opinion amply demonstrates that each of the issues as to material facts were addressed and decided.

■ Rule 52(a) of the Federal Rules of Civil Procedure states in part: "Findings of fact shall not be set aside unless clearly erroneous . . .." Appellants have completely failed to demonstrate that any of the district judge's findings are clearly erroneous.

■ Nor do we find any error in the district court's conclusion that the United States should not be subjected to liability in this case because air safety regulations should have been more strict at the Cincinnati airport. The discretionary function exception to the Federal Tort Claims Act precludes the imposition of tort liability on the claimed failure to impose a more strict set of air safety regulations. 28 U.S.C. § 2680, *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953).

Accordingly, the judgment is affirmed.

Costs to appellee.