**Florence GEORGE, Widow of Harry L. George, Deceased, to her use and to the use of State Accident Fund and Florence George, Personal Representative of the Estate of Harry L. George, Deceased, to the use of the Estate of Harry L. George, Deceased, and to the use of State Accident Fund, and Clarence J. Robey to his use and to the use of State Accident Fund, Appellants,**

v.

**UNITED STATES of America and Federal Aviation Administration and Stol Aircraft Corp., a Body Corporate, Appellees.**

No. 82–1321.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 13, 1983.

Decided March 24, 1983.

Rignal W. Baldwin, Jr., Annapolis, Md. (Jon W. Brassel, Brassel & Baldwin, Annapolis, Md., on brief), for appellants.

Jan Von Flatern, Torts Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C. (J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., J. Frederick Motz, U.S. Atty., Baltimore, Md., on brief), for appellees.

Before HALL, MURNAGHAN and SPROUSE, Circuit Judges.

K.K. HALL, Circuit Judge:

These actions were brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiffs, Florence George, widow and personal representative of Harry L. George, and Clarence J. Robey, appeal from an order of the district court, granting the government's motion for summary judgment and entering final judgment in favor of the United States, pursuant to F.R.Civ.P. 54(b). Finding no reversible error, we affirm.

I.

These consolidated personal injury and wrongful death actions both arose out of the crash on August 8, 1978, of an amphibious Stol UC–1 aircraft. Plaintiffs alleged that the sole proximate cause of the crash was a defective fuel system brought about by the corrosion of one of its component parts, a brass and steel fuel pick-up. According to plaintiffs, the commingling of the two dissimilar metals, in an environment subject to moisture retention, rendered the fuel pick-up particularly susceptible to rust and was thus foreseeably hazardous.

Plaintiffs sued both the aircraft's manufacturer, Stol Aircraft Corporation, and the United States. Their claims against the government, which are the only claims at issue in this appeal, were premised on (1) the approval by the Federal Aviation Administration (FAA) in 1965 of the design of the aircraft, including its fuel system, (2) the FAA's subsequent issuance of type, production, and airworthiness certificates for the aircraft, and (3) the FAA's failure to warn of the dangers of the fuel system and of the necessity for periodic inspection and maintenance of the component parts. The government maintained that the FAA's exercise of its authority and responsibility to inspect and certify aircraft and their systems was a discretionary function, for which the government could not be held

liable under the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a). Following discovery, the district court granted the government's motion for summary judgment. The district judge concluded that the plaintiffs' claims amounted to no more than a complaint that the government failed to promulgate regulations banning the use of coterminous, dissimilar metals in the fuel pick-up. The court ruled that the government's failure to issue such standards could not subject it to liability under the FTCA. From the final judgment entered in the government's favor and certified by the district court under F.R.Civ.P. 54(b), plaintiffs appeal.

## II.

Appellants' primary argument is that the discretionary function exception is inapplicable because the FAA violated a clear standard governing the use of a brass and steel fuel pick-up. We disagree and find that the district court properly concluded that appellants' claim fell squarely within the bar of 28 U.S.C. § 2680(a).

The FTCA defines the circumstances under which the government has consented to be sued in tort for the negligent acts or omissions of its employees. Among the exceptions to this general waiver of sovereign immunity is the discretionary function provision found at 28 U.S.C. § 2680(a). This provision bars any claim against the United States under the FTCA

> ... based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

In *Dalehite v. United States,* 346 U.S. 15, 26, 73 S.Ct. 956, 963, 97 L.Ed. 1427 (1953), the Supreme Court held that claims against the government for its negligent planning and handling of shiploads of fertilizer, which had exploded, fell within the discretionary function or "the governmental regulatory function exception from suits." In defining the limits of the exception, the Supreme Court stated:

> the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determination made by executives or administrators in establishing plans, specifications or schedules of operations. *Where there is room for policy judgment and decision there is discretion.* (Emphasis supplied). *Id.* at 35–36, 73 S.Ct. at 967–968.

The Court in *Dalehite* distinguished operational or ministerial decisions for which the government may be held liable under the FTCA.

In order to determine whether the discretionary function exception applies in this case, we must first look to the statutes and regulations involved. Under the Federal Aviation Act of 1958, 49 U.S.C. § 1301 *et seq.,* the Administrator of the FAA "is empowered and it shall be his duty to promote safety of flight of civil aircraft in air commerce by prescribing ... [s]uch *minimum standards* governing the design, materials, workmanship, construction, and performance of aircraft, aircraft engines, and propellers as may be required in the interest of safety...." 49 U.S.C. § 1421(a)(1) (emphasis added). Consistent with this function, the Administrator is empowered and indeed required to issue type, production, and airworthiness certificates for aircraft after testing to determine whether they meet *minimum standards.* 49 U.S.C. § 1423(a), (b), and (c). Nothing in the existing statute or regulations pertaining to the minimum standards of airworthiness prohibits the use of the brass and steel fuel pick-up at issue in this case.

Appellants, however, point to the provisions of 14 C.F.R. § 18.30–7, part of the Civil Aviation Regulations (CARs), in effect prior to 1965, which recommended in pertinent part that "[u]nprotected contact between metals of different groups *may* result in dissimilar metal corrosion: therefore, contact between metals of dissimilar groups *should* be prevented or the contact

surface *should* be adequately protected." (Emphasis added). This language clearly does not bar the use of dissimilar, coterminous metals. Furthermore, these advisory provisions were never intended to be minimum standards. When Part 18 of the CARs was recodified into Part 43 of Title 14, these provisions were clearly marked "[n]ot a rule," and were deleted.

Thus, while the government at one time may have questioned the use of dissimilar, coterminous metals in fuel systems, the decision not to ban their use is clearly the type of policy determination for which the government is protected from liability under the discretionary function exception. As the district court correctly concluded, appellants' complaint represents no more than a challenge to the FAA standards because they fail to prohibit the use of a fuel pick-up composed of coterminous dissimilar metals. This claim is barred under 28 U.S.C. § 2680. *Cf. Garbarino v. United States,* 666 F.2d 1061, 1065 (6th Cir.1981) (plaintiff's claim that the FAA was negligent in failing to promulgate crashworthiness regulations under 49 U.S.C. § 1421 is clearly barred by the FTCA's discretionary function exception); *Miller v. United States,* 522 F.2d 386, 387 (6th Cir.1975) (contention that the FAA's failure to promulgate more stringent air safety regulations is not actionable under the discretionary function exception).

### III.

Appellants' contention that the government has violated some other well-established engineering standard relating to corrosion is simply not borne out by the record, which, to the contrary, indicates that the brass and steel fuel pick-up has been used for thirty years without problems. Their efforts to characterize the government's activity as operational, and hence subject to suit under the FTCA, are likewise without merit. Finding no error otherwise in the proceedings below, the judgment entered by the district court in favor of the United States is hereby affirmed.

AFFIRMED.