**Julia FORD and Joe Ford,
Plaintiffs-Appellants,**

v.

**AMERICAN MOTORS CORPORATION,
et al., Defendants,**

**The United States of America,
Defendant-Appellee.**

No. 84–2008.

United States Court of Appeals,
Fifth Circuit.

Sept. 9, 1985.

Rehearing and Rehearing En Banc
Denied Oct. 28, 1985.

Crawford, Grissom, Crow & Richards, Carl V. Crow, Houston, Tex., for plaintiffs-appellants.

Henry K. Oncken, U.S. Atty., James R. Gough, C.J. (Neil) Calnan, Letitia Taitte, Linda M. Cipriani, Asst. U.S. Attys., Houston, Tex., for defendant-appellee.

Before GEE, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

On September 10, 1979 Julia Ford purchased a used jeep, model DJ–5b, manufactured by American Motors Corporation, at a surplus sale conducted by the United States Postal Service. Approximately one year later she was injured in a single-vehicle accident when the jeep tipped over in a curve near her home in Pasadena, Texas. Julia Ford and her husband Joe Ford filed suit against the United States under the Federal Tort Claims Act. The district court dismissed their complaint upon a finding that it lacked subject matter jurisdiction. We affirm.

The theory of liability advanced by the Fords is that the government, through the Postal Service, was negligent in selling the jeeps at surplus sale without warning the buyers of their propensity to overturn in certain situations. The government moved for a dismissal under Fed.R.Civ.P. 12(b)(1) on the grounds that since selling the jeeps at surplus sale fell within the discretionary function exemption of the FTCA, 28 U.S.C. § 2680(a),[1] the Fords had not stated a claim over which the court had jurisdiction. The court granted this dismissal.

The Federal Tort Claims Act waives the government's sovereign immunity from suit for certain specified torts, and it vests exclusive jurisdiction in the federal district courts to adjudicate claims made thereunder. The Congress excepted from the waiver of immunity claims arising out of any act, either of commission or omission, involving a discretionary function or duty. *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). The discretionary function "includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion." *Id.* at 35–36, 73 S.Ct. at 968. Although in subsequent decisions, including *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), and *Rayonier Inc. v. United States*, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957), the Supreme Court narrowed the *Dalehite* guidelines, discretionary decision-

---

1. 28 U.S.C. § 2680(a) provides:
   The provisions of this chapter and section 1346(b) of this title shall not apply to—
   (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

making, as distinguished from nondiscretionary acts of execution, clearly remains subject to the exemption and outside the jurisdictional pale of the district court. *Payton v. United States,* 679 F.2d 475 (5th Cir.1982) (en banc). *See also Stanley v. Central Intelligence Agency,* 639 F.2d 1146 (5th Cir.1981), and cases cited therein. The Supreme Court recently reaffirmed the basic *Dalehite* holding on the discretionary exception in *United States v. S.A. Empresa de Viacao Aerea Rio Grandense,* —— U.S. ——, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

■ The DJ–5b jeep is classified as a light truck, a "quarter ton," by the Department of Transportation and is so identified by a decal on its dashboard. These vehicles have been used by the Postal Service from the time they were first marketed in 1972. Under Postal Service practices and procedures once a vehicle reaches eight years of age or travels 40,000 to 50,000 miles, it is generally sold at a public surplus sale. The decision to sell—based on consideration of the economics of repair, time in service, use, and other factors pertinent to a decision about the useful life of a vehicle—is a patently discretionary function, exercised pursuant to the congressional mandate contained in 39 U.S.C. § 401(5) which empowers the Postal Service

> to acquire, in any lawful manner, such personal or real property, or any interest therein, as it deems necessary or convenient in the transaction of its business; to hold, maintain, sell, lease, or otherwise dispose of such property or any interest therein; and to provide services in connection therewith and charges therefor....

The decisions on vehicle acquisition, use, and sale are made by the Director of the Office of Fleet Management. This office, aware of the possibility that the DJ–5 vehicles might have a low lateral resistance to rollovers and thus be more susceptible to overturning from abrupt maneuvers than passenger cars and other trucks, evaluated several studies, including some commissioned by the Postal Service. Following these studies, Fleet Management decided that the DJ–5 vehicles performed satisfactorily as light trucks and were sufficiently safe for intended and actual use. The Postal Service determined to continue the use of these vehicles in numbers well exceeding 100,000. The decision was also made that no particular warning need be given the drivers other than the usual cautionary admonitions consistent with safe driving practices. The decision not to issue a warning to purchasers at auction sales was also made. That decision was reversed in 1982 and warnings were thereafter given.

The Fords maintain that the government violated a duty, cognizable under the FTCA waiver of immunity, when it sold the DJ–5b vehicle at surplus sale without issuing a warning about the higher potential for rollover. We disagree. The decision to continue the use of the DJ–5b vehicles was a discretionary call. The decision to sell, including time, place, method, manner, and procedure, was likewise a discretionary act. Whether considered as a commission or omission, the decision not to issue cautions or warnings about the increased rollover potential was also within the discretionary parameters of the Postal Service.

■ In its seminal decision in *Dalehite,* the Supreme Court took notice of the legislative history of the FTCA which informs that by including the language now contained in § 2680(a), the Congress manifestly intended to continue sovereign immunity against tort liability for errors made in the exercise of discretion. We agree with our colleagues of the Fourth and Tenth Circuits that both the evaluation of actual or suspected hazards, and the decision to proceed in a particular manner in light of those hazards, are protected discretionary acts, not subject to tort claims in the district court. *George v. United States,* 703 F.2d 90 (4th Cir.1983); *Miller v. United States,* 710 F.2d 656 (10th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 352, 78 L.Ed.2d 316 (1983). Similar decisions have been reached by district courts. *Stewart v. United States,* 486 F.Supp. 178 (C.D.Ill.

1980); *Wittkamp v. United States*, 343 F.Supp. 1075 (E.D.Mich.1972).

We particularly note the decision in *Shirey v. United States*, 582 F.Supp. 1251 (D.S.C.1984) (appeal dismissed July 5, 1984), involving a DJ–5b jeep that overturned. In an opinion which exhaustively marshals all pertinent facts and collects much of the relevant jurisprudence, the district court's scholarly opinion concluded that "the decision to sell postal vehicles to the general public is a discretionary function, and also, that the decision ... not to issue a warning ... is the very type of policy decision § 2680(a) is designed to protect." *Id.* at 1258. *See also Louviere v. American General Corporation, et al.*, Civil Action No. 82–2934 (W.D.La. May 15, 1985) (involving a surplus postal jeep and an alleged failure of the Postal Service to warn about the "roll" factor); *Key v. United States*, C.A. No. LR–C–83–163 (E.D.Ark. 1984). *But see Galanos v. United States*, 608 F.Supp. 360 (E.D.Mich.1985) (currently on appeal to the Sixth Circuit).

 Appellants maintain that their claim should not come within the reach of § 2680(a) because since May of 1982 the Postal Service has placed a warning sticker on the windshields of surplus DJ–5b vehicles offered for sale cautioning that the vehicles might not be suitable as passenger cars and that abrupt maneuvers could result in overturning. This does not change the nature of the discretionary function. That the Postal Service reconsidered its position in light of additional information, or for whatever reason, does not make this any the less a discretionary judgment call. Indeed, the very reconsideration demonstrates the judgment nature of the decision.

Finally, appellants complain that the district court should not have dismissed their action until after all of the facts had been fully developed because the § 2680(a) exemption requires a factual analysis before the discretionary determination can be made. This contention is without merit. The record reflects that the district court's

dismissal came only after the district court twice issued docket control orders setting discovery deadlines. The first deadline was May 2, 1983. The district court continued the discovery cutoff to October 10, 1983. By that date 14 depositions, covering more than 1,000 pages, had been taken. We find more than an adequate opportunity for the development of facts pertinent to the § 2680(a) determination. The merits and the jurisdictional issue were not so intermeshed as to prevent the separate consideration and decision of the jurisdiction question, albeit that decision is based in large measure on facts relevant to the merits. *McClain v. Real Estate Board of New Orleans, Inc.*, 583 F.2d 1315 (5th Cir.1978), *vacated and remanded on other grounds*, 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980).

The judgment of the district court is AFFIRMED.