Ella P. SIZEMORE, Plaintiff,

v.

UNITED STATES of America, Defendant.

Mildred B. KELLY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Jessie Mae OSTEEN, Plaintiff,

v.

UNITED STATES of America, Defendant.

Nos. 85–107–CIV–ORL–11, 85–108–CIV–11 and 85–109–CIV–18.

United States District Court, M.D. Florida, Orlando Division.

Dec. 10, 1985.

T.G. LaGrone, Orlando, Fla., for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Robert W. Merkel, U.S. Atty., Kendell W. Wherry, Asst. U.S. Atty., Paul F. Figley, Asst. Director, Torts Branch, Robert C. Longstreth, Trial Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for the U.S.

## ORDER

GEORGE KENDALL SHARP, District Judge.

These three actions are brought under the Federal Tort Claims Act by plaintiffs

alleging that their decedents suffered injury and death as a result of over-exposure to nuclear radiation while working as pipefitters at the Edwin I. Hatch Nuclear Power Plant in Baxley, Georgia. The decedents were employed by the Pullman Kellogg Corporation, which performed contract work for the Georgia Power Corporation which owns and operates the Hatch plant. Plaintiffs allege that the United States, through the Nuclear Regulatory Commission (NCR), was negligent in a number of respects. The alleged negligence included "requiring and/or permitting Plaintiff[s] to work in an area which they knew or should have known in the exercise of reasonable care, that (sic) the conditions therein were hazardous, harmful and/or fatal to human life because of levels of radiation that were above those levels permissible and safe to human life." Plaintiffs allege further negligence "in that [defendant] failed to warn the Plaintiffs before and during and after their employment at Plant Hatch of the possible dangers of radiation...." Defendant's alleged negligence also includes failure "to provide Plaintiff[s] ... with proper clothing, equipment and protection devices to properly protect and shield [themselves] from said high levels of radiation within the proximity of said nuclear devices." The three cases have been consolidated by order of the Court.

In evaluating a motion to dismiss, a court will deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In the present case, the Court is convinced that the plaintiffs can prove no set of facts which would entitle them to relief. Therefore, this case will be dismissed for failure to state a claim pursuant to Rule 12(b)(6), Fed.R. Civ.P.

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80, is a limited waiver of the government's sovereign immunity for certain claims sounding in tort. A portion of the Act creates an exception to FTCA liability for discretionary functions. The United States may not be held liable for:

> Any claim based upon an act or omission of an employee of the Government, exercising due care in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a).

■ When applicable, the discretionary function exception bars a cause of action against the United States even where a federal employee has negligently breached a duty owed to the plaintiff. *Dalehite v. United States,* 346 U.S. 15, 33, 73 S.Ct. 956, 966, 97 L.Ed. 1427 (1953). As stated by the United States Court of Appeals for the Third Circuit, in a case similar to the present one, "if a government employee performing a discretionary function acts negligently, the exemption remains applicable even though the activity constitutes an abuse of discretion." *General Public Utilities Corp. v. United States,* 745 F.2d 239, 245 (3d Cir.1984), *cert. denied,* 469 U.S. 1228, 105 S.Ct. 1227, 84 L.Ed.2d 365 (1985).

A 1984 decision of the Supreme Court, *United States v. Varig Airlines,* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), and lower court cases decided subsequent to it, compel the conclusion that the instant cases fall within the discretionary function exception. In *Varig,* the high court held that the discretionary function exception barred an action against the Federal Aviation Administration for negligently inspecting and certifying an aircraft. In so holding, the Court stated that "whatever else the discretionary function exception may include, it plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." 467 U.S.

at 813–814, 104 S.Ct. at 2765, 81 L.Ed.2d at 674. The Court added that:

> When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind. Decisions as to the manner of enforcing regulations directly affect the feasibility and practicality of the Government's regulatory program; such decisions require the agency to establish priorities for the accomplishment of its policy objectives by balancing the objectives sought to be obtained, against such practical considerations as staffing and funding.... Judicial intervention in such decision making through private tort suits would require the courts to "second-guess" the political, social, and economic judgments of an agency exercising its regulatory function. It was precisely this sort of judicial intervention and policy making that the discretionary function exception was designed to prevent.

467 U.S. at 819–820, 104 S.Ct. at 2768, 81 L.Ed.2d at 678.

Since *Varig*, the Courts have consistently applied the discretionary function doctrine to bar claims arising out of the regulatory activities of the United States. *See, e.g.*, *Ford v. American Motors Corp.*, 770 F.2d 465, 467 (5th Cir.1985) (affirming the dismissal of a complaint on the basis of the discretionary function exception, holding that "both the evaluation of actual or suspected hazards, and the decision to proceed in a particular manner in light of those hazards, are protected discretionary acts, not subject to tort claims in the district court."); *Begay v. United States*, 768 F.2d 1059, 1066 (9th Cir.1985) (holding that "the decision of the public health service not to warn plaintiffs of the radiation dangers they were exposed to, is clearly within the ambit of the discretionary function exception."); *Cisco v. United States*, 768 F.2d 788 (7th Cir.1985) (holding that the discretionary function doctrine bars plaintiff's claim that the United States failed to warn them about dioxin contamination and failed to protect them from the contamination.);

*Baxley v. United States*, 767 F.2d 1095, 1098 (4th Cir.1985) (affirming grant of motion to dismiss claim against the Federal Aviation Administration for failing to regulate ultralight aircraft; court notes "the general proposition that the federal government, at least when it is performing discretionary functions, will not be held liable for torts caused by the negligent conduct of third parties, even though the government agency had a statutory mandate to regulate the conduct of the private parties."); *Shuman v. United States*, 765 F.2d 283 (1st Cir.1985) (holding that the discretionary function doctrine bars a claim that the United States failed to warn the employee of one of its contractors of the dangers of exposure to asbestos.); *Russell v. United States*, 763 F.2d 786 (10th Cir.1985) (holding that the discretionary function doctrine bars claims for negligent mine safety inspections.); *In re Consolidated United States Atmospheric Testing Litigation*, 616 F.Supp. 759, 771–77 (N.D.Cal.1985) (holding that the discretionary function doctrine bars claims that the United States failed to take adequate precautions to protect atomic test participants and failed to warn them of the hazards of their participation.).

In *General Public Utilities Corp. v. United States*, 745 F.2d 239 (3d Cir.1984), *cert. denied*, 469 U.S. 1228, 105 S.Ct. 1227, 84 L.Ed.2d 365 (1985), the Third Circuit addressed a claim similar to those in the present cases. The utility company plaintiff claimed that the NRC negligently approved the design and construction of its plant when it knew or should have known of a hazardous condition and also failed to warn it of safety hazards. In reversing the district court's decision overruling the government's motion to dismiss, the Court of Appeals held *Varig* to be controlling and that the claim was barred by the discretionary function exception. The court noted *Varig*'s holding that the discretionary function exception was intended to include the discretionary acts of the government acting in its role as a regulator of the

conduct of private individuals. The court added:

> In following the dictates of the statute, the Commission is unquestionably acting in its role as regulator of the conduct of private individuals.... Moreover, excluding the Commission's role from the scrutiny of a tort action provides an example of the underlying reason for the discretionary function exception, to prevent judicial second guessing.

745 F.2d at 246.

The facts in the cases at bar bring this case squarely within the discretionary function exception. The complaint makes broad statements concerning the role of the United States, through the NRC, with regard to nuclear power throughout the country in general and at the Hatch plant in particular. While the Court is generally constrained to consider the allegations of the complaint as true the Court may go beyond the complaint to the limited extent of considering matters of general public record. *Phillips v. Bureau of Prisons*, 591 F.2d 966 (D.C.Cir.1979). Moreover, the Court will not accept as true "allegations that are in conflict with facts judicially known to the Court." *Blackburn v. Fisk University*, 443 F.2d 121, 123 (6th Cir.1971).

The Hatch plant, where plaintiffs' decedents worked, is owned and operated by the Georgia Power Company. It is judicially known that the NRC performs a licensing and regulatory function with regard to the Hatch plant, rather than being directly responsible for its day-to-day operation. As Congress has explicitly declared, "it is the responsibility of utilities, as owners and operators of nuclear power plants, to assure that such plants are designed and operated safely and reliably." 42 U.S.C. § 9701. In other words, just as in the *General Public Utilities Corp.* case, the NRC at the Hatch plant was "acting in its role as a regulator of the conduct of private individuals." *Varig*, 467 U.S. at 813–814, 104 S.Ct. at 2765, 81 L.Ed.2d at 674. Plaintiffs' memorandum in opposition to the defendant's motions does not contend otherwise.

Plaintiffs attempt to avoid dismissal by arguing for a distinction between decisions made at the "planning level" and those made at the "operational level" of government activity. [Plaintiffs' memo at 15]. Plaintiffs rely on *Indian Towing Co., Inc. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), in support of this distinction. There are two reasons, however, why plaintiffs' distinction is not valid. First, in the *Indian Towing Co.* case the government conceded that the discretionary function exception was not applicable. Second, to the extent that *Indian Towing Co.* can be read to approve such a distinction its viability cannot survive the Supreme Court's decision in *Varig*. As stated recently by the Fifth Circuit:

> We view the language of *Varig Airlines* to dictate that the exemption under the Federal Tort Claims Act derived from this discretion extends to specific individual applications as well as to broad policies.

*Flammia v. United States*, 739 F.2d 202, 204 (5th Cir.1984).

The Fifth Circuit's view of *Varig* is undoubtly correct. The relevant inquiry is not whether the United States is implementing policy rather than formulating it, but whether "the challenged acts of a Government employee—whatever his or her rank—are of the nature and quality that Congress intended to shield from tort liability." *Varig*, 467 U.S. at 813, 104 S.Ct. at 2765, 81 L.Ed.2d at 674. Thus, "it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." *Id.*

It is not enough to argue, as the plaintiffs have in the present cases, that a government employee has no discretion to ignore the mandates of a federal statute.

> The exemption from the Tort Claims Act is based on the nature of the governmental discretionary function, not whether there is an option to choose. Regulatory activities are within the exemption, not

because alternatives exist in particular circumstances, but because of the fundamental character of the role assigned to the agency.

If a government employee performing a discretionary function acts negligently, the exemption remains applicable even though the activity constitutes an abuse of discretion. As the statute itself provides, discretionary functions are exempt "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

*General Public Utilities Corp.*, 745 F.2d at 245.

The only post-*Varig* case cited by plaintiffs in which a cause of action was upheld is *Brown v. United States,* 599 F.Supp. 877 (D.Mass.1984). In that case, the court held that the National Oceanic and Atmospheric Administration owed a duty to fisherman to maintain a weather observation buoy, once it undertook to provide a reliable weather-monitoring and prediction system for use of commercial fisherman, the breach of which duty led to liability not barred by the discretionary function exception. The *Brown* court distinguished *Varig* as involving licensing or certification activity which was regulatory in nature. "By contrast, defendant in this case was not involved in licensing or certification, but rather in providing a service that, absent government involvement, could have been provided by a private concern." 599 F.Supp. at 888–889. In the present case, the government was unquestionably involved in regulatory conduct and *not* in providing a service that absent government involvement, could have been provided by a private concern. Therefore, the present case, unlike *Brown*, comes squarely within the ambit of *Varig* and subsequent cases such as *General Public Utilities Corp.* The discretionary function exception thus bars plaintiffs' claims.

For all of the foregoing reasons, it is

ORDERED that defendant's motions to dismiss in cases no. 85–107–CIV–ORL–11, and no. 85–108–CIV–ORL–11, and motion for reconsideration of the Court's Order partially denying its motion to dismiss in

case no. 85–109–CIV–ORL–18 are GRANTED. The cases are hereby DISMISSED WITH PREJUDICE.