LETTS, Judge.
The pertinent question is whether a small general aviation airport is negligent simply because it does not have a traffic control tower. The trial judge answered the question in the affirmative. We disagree and reverse.
The deceased pilot was flying with his wife and two daughters from one small airport to another when engine trouble apparently interrupted his flight plan and he made the unilateral decision to set down at a third airport, that of the defendant Boca Raton.[1] Approaching for an unscheduled and unannounced landing, without making any radio contact (Boca’s traffic control was maintained by way of Unicom radio), he encountered at least one other aircraft, took evasive action to avoid a mid-air collision and attempted to go round. In so doing, he lost control, stalled out, crashed and was killed. His wife and daughters were injured.
It is conceded that the Federal Aviation Administration (FAA) regulations do not require a control tower at an airport of this kind and size. Towers are not funded by the FAA until landings and take-offs exceed 200,000 per year and the traffic at the Boca Raton airport is less than half that figure. Nonetheless, the record contains expert testimony that a tower was needed there and an ad hoc committee had recommended that such be constructed.
As the court said in Florida Power and Light Co. v. Lively, 465 So.2d 1270 (Fla. 3d DCA 1985), pet. for rev. denied, 476 So.2d 674 (Fla.1985), quoting from a Louisiana case:
It is elementary tort law that negligence is the breach of a duty of care owed the injured party. If there is no duty to exercise care as to a given plaintiff, defendant’s conduct does not amount to negligence and is not actionable.
The Lively court then went on to hold that there was no duty, statutory or otherwise, *1288 to place markers and lights on power lines and poles surrounding an airport when the FAA regulations did not require it, albeit the power lines were “a cause in fact” of the accident. In the case at bar, the sole allegation of negligence was the failure to erect a traffic control tower. Such a tower is not required by FAA regulations. Moreover, while the power lines in Lively were the “cause in fact” of the accident, there is no such establishment that the lack of a control tower was in and of itself the cause in fact of the instant tragedy. Indeed, the record would indicate that the cause in fact was engine trouble compounded by pilot error.
It is conceded that the Boca Raton airport could have privately constructed a tower, Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984), but we can find no case that imposes a duty upon it to do so under the common law. Liability does not arise simply because a local safety regulation or requirement could have been more stringent than FAA requirements. See Miller v. United States, 522 F.2d 386 (6 Cir.1975).
We, therefore, hold that the Boca Raton airport had no duty to erect a traffic control tower and was not the legal cause of the injury. Accordingly, a directed verdict should have been granted in its favor.
This cause is reversed and remanded for the entry of a judgment in compliance herewith.
REVERSED AND REMANDED.
HERSEY, C.J., and DOWNEY, J., concur.

. The airport in this case is private and there are no governmental immunity problems addressed in this opinion.