Jim W. TINDALL, Jr., a Minor by His Father and Next Friend, Jim W. TINDALL, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. GC 87-5-D-0.

United States District Court, N.D. Mississippi, E.D.

June 15, 1987.

W.S. Stuckey, Jr., Arnold F. Gwin, Greenwood, Miss., for plaintiff.

Anthony R. Sherr, Paul F. Figley, Washington, D.C., for defendant.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

The plaintiff has brought the instant action against the defendant asserting that the defendant is liable for injuries that the plaintiff sustained when an explosive device with which the plaintiff was playing exploded in his hand. The plaintiff asserts that the United States should be held liable for his injuries because the Bureau of Alcohol, Tobacco and Fire Arms distributed the explosive device without placing warnings on the device.

Title 40 of the United States Code § 304h provides:

In the event that any property seized by any agency is or has been forfeited to the United States otherwise than by court decree, it may, * * * in lieu of being disposed of as otherwise provided by law, be retained by such agency and devoted to official use only. If such agency shall not desire so to retain such property, the head thereof shall forthwith notify the Administrator to that effect, and such property shall

(a) * * * be delivered by such agency, upon order of the Administrator given within a reasonable time, to any other agency which requests and in the judgment of the Administrator should be given the property.

Pursuant to this section[1] the Bureau of Alcohol, Tobacco and Firearms (ATF) decid-

---

1. The plaintiff asserts that this section is inapplicable and that 18 U.S.C. § 844 and 26 U.S.C.

§ 5872 are the proper authorities concerning distribution of explosives. While plaintiff may

ed to distribute some explosives that had been confiscated. The explosives were transferred by the ATF to the Animal Damage Control Center of the United States Department of Agriculture. The Department of Agriculture then distributed the explosives to the State of Mississippi Wildlife Department. A game warden with the State of Mississippi, J.T. Kerr, then gave the plaintiff one of the explosive devices. On August 16, 1984, the device ignited and exploded while in the plaintiff's hand. The plaintiff asserts that his left thumb was fractured, his left hand was mangled, and two fingers had to be amputated because of the explosion.

The plaintiff asserts that the United States should be held liable because the ATF Bureau was negligent in not placing warnings on the explosive devices indicating the contents or qualities of the explosive devices. The United States asserts that the plaintiff's action must be dismissed based upon the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a) and the Federal Tort Claims Act prohibition of claims sounding in strict liability, 28 U.S.C. § 1346(b).

In response to the motion to dismiss, the plaintiff challenges defendant's defense based upon the discretionary function exception, but does not challenge the defendant's assertions concerning the prohibition of strict liability claims.

The Federal Tort Claims Act authorizes suits for damages against the United States

> ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Although the Act amounts to a broad waiver of sovereign immunity of the United States, there are several exceptions to this waiver of immunity. The Act does not apply to claims based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Two United States Supreme Court decisions have considered and discussed the discretionary function exception. In *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), ammonium nitrate fertilizer that had been produced and distributed under the direction of the United States exploded and caused many deaths. Suit was brought against the United States under the Federal Tort Claims Act. The plaintiffs asserted that the government was negligent in its decision to export the fertilizer, in its failure to experiment with the fertilizer to determine the possibility of explosion, in the plan of manufacturing, and in the failure to police properly the storage and loading of the fertilizer.

The United States Supreme Court determined that the alleged negligent acts by the government in *Dalehite* were not actionable because sovereign immunity had not been waived as to these acts that the court found to be discretionary. The *Dalehite* court described the discretion that is protected from suit under the Federal Tort Claims Act as "the discretion of the executive or the administrator to act according to one's judgment of the best course." *Dalehite*, 346 U.S. at 34, 73 S.Ct. at 967, 97 L.Ed. 1427. The *Dalehite* court further stated:

> It is unnecessary to define, apart from this case, precisely where discretion ends. It is enough to hold, as we do, that the 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities.

be correct that these sections could be applicable, 40 U.S.C. § 304h provides that an agency may dispose of property pursuant to its provisions "in lieu of [the property] being disposed of as otherwise provided by law."

It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy *judgment* and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable. *Id.* at 35–36, 73 S.Ct. at 968, 97 L.Ed. at 1440–41. In *Dalehite,* the Supreme Court concluded that the plaintiffs' action based on the Federal Tort Claims Act was barred by the discretionary function exception.

In *United States v. S.A. Empresa de-Viacao Aerea Rio Grandense (Varig Air Lines),* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), two separate plane crashes had occurred that allegedly resulted from faulty airplane designs upon which the Federal Aviation Administration (FAA) had issued certifications of air worthiness. The plaintiffs in *Varig* asserted that the FAA was negligent in inspecting and certificating the aircraft involved in the two cases. In *Varig* the Supreme Court listed four factors that are useful in determining under what circumstances the acts of a government employee will be protected from liability pursuant to the discretionary function exception. "First, it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function applies in a given case." *Id.* at 813, 104 S.Ct. at 2764, 81 L.Ed.2d at 674. "Second, whatever else the discretionary function exception may include, it plainly was intended to encompass the acts of the Government acting in its role as a regulator of the conduct of private individuals." *Id.* at 813–14, 104 S.Ct. at 2764, 81 L.Ed.2d at 674.

Third, "Congress wished to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort." *Id.* at 814, 104 S.Ct. at 2765, 81 L.Ed.2d at 674–75. Fourth, Congress intended "to protect the Government from liability that would seriously handicap efficient Government operations." *Id.* at 814, 104 S.Ct. at 2765, 81 L.Ed.2d at 675 (citation omitted). After analyzing these factors, the Supreme Court held that the acts of the FAA fell within the discretionary function exception and that accordingly the plaintiffs' actions were barred.

In *Ford v. American Motors Corp.,* 770 F.2d 465 (5th Cir.1985), the plaintiff had purchased a used jeep at a surplus sale conducted by the United States Postal Service. The plaintiff was subsequently injured when the jeep tipped over as the plaintiff was turning a curve. The plaintiff sued the United States asserting that the Government was negligent in selling the jeep without warning the buyer of the propensity of the jeep to overturn in certain situations.

The district court held that the discretionary function exception applied and that accordingly it lacked subject matter jurisdiction of the plaintiff's claim. On appeal, the United States Court of Appeals for the Fifth Circuit affirmed the district court's decision and stated:

> The decision to continue the use of the [jeep] was a discretionary call. The decision to sell, including time, place, method, manner, and procedure, was likewise a discretionary act. Whether considered as a commission or omission, the decision not to issue cautions or warnings about the increased rollover potential was also within the discretionary parameters of the Postal Service.

*Ford,* 770 F.2d at 467. The Court of Appeals further stated:

> We agree with our colleagues of the Fourth and Tenth Circuits that both the evaluation of actual or suspected hazards, and the decision to proceed in a particular manner in light of those hazards, are protected discretionary acts, not subject to tort claims in the district court.

*Id.* (citing *George v. United States,* 703 F.2d 90 (4th Cir.1983); *Miller v. United States,* 710 F.2d 656 (10th Cir.1983) *cert. denied,* 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 316 (1983)). The *Ford* court quoted the opinion of the United States District Court of South Carolina that "the decision

not to issue a warning ... is the very type of policy decision § 2680(a) is designed to protect." *Ford*, 770 F.2d at 468 (quoting *Shirey v. United States*, 582 F.Supp. 1251, 1258 (D.S.C.1984)).

The plaintiff in the instant action has tried to distinguish the *Ford* holding on its facts. The plaintiff states that in *Ford* the jeep distributed by the United States was legally manufactured by a reputable manufacturer and was being disposed of by the government as surplus property. The plaintiff asserts that in such a case the responsibility to place any warning on the jeep belonged to the manufacturer, not to the United States. The plaintiff further states:

> The United States did not create, as it were, the defect or hazard and to require it to warn thereof would be placing the United States in a more or less "regulatory" position similar to the *Varig* line of cases.

In distinguishing the instant case, the plaintiff argues that since the explosives were illegal, inherently dangerous, not manufactured by a "legitimate business," and not manufactured pursuant to government standards, the court should hold that the United States in effect created the explosives and created an obvious hazardous condition "because it legitimized the explosives and created a valid market and disposal system for them where there had been none previously."

Based on this distinction, the plaintiff urges the court to hold that in the instant case the United States had a duty to warn because the government had created a foreseeable hazard. The plaintiff cites two cases in support of this proposition: *Lindgren v. United States*, 665 F.2d 978 (9th Cir.1982), and *Medley v. United States*, 543 F.Supp. 1211 (N.D.Calif.1982). The court has reviewed these cases and finds that they are not persuasive.

First, the court notes that in both cases the court's reasoning was based upon the perceived distinction between high level planning decisions and operational decisions. This distinction has been found to be an inappropriate test for determining whether governmental decision-making should fall within the discretionary function exception to the FTCA. *See Varig*, 467 U.S. at 813, 104 S.Ct. at 2764, 81 L.Ed.2d at 674; *Red Lake Band of Chippewa Indians v. United States*, 800 F.2d 1187, (D.C.Cir.1986). The Court of Appeals for the Fifth Circuit has criticized the planning/operational test as follows:

> Such a distinction is specious ... it proves to be another example of a distinction 'so finespun and capricious as to be almost incapable of being held in the mind for adequate formulation ...' Such nonstatutory 'aids' to construction tend to obscure, to limit, or even to replace the standards whose meaning they are supposed to clarify ... It must be remembered that the question at hand here is the nature and quality of the discretion involved in the acts complained of.

*Smith v. United States*, 375 F.2d 243, 246 (5th Cir.1967).

Second, in *Ford*, the Court of Appeals for the Fifth Circuit did not base its decision on the fact that the government had not created the hazard. The court never considered whether the jeep at issue was manufactured by a "legitimate business" or whether it was constructed pursuant to government standards. Rather, the *Ford* court stated that the decision to warn or not to warn of known or suspected hazards is a protected discretionary decision. *Ford*, 770 F.2d at 467.

■ This court is of the opinion that where a government agency is given latitude in decision-making, its decision to act in a particular manner must be evaluated under the factors listed in *Varig*. If the nature and quality of the activity necessitated a judgment-call by the government employee, then his acts must be deemed discretionary whether or not the course of action chosen creates a hazard. The fact that such a decision creates a hazard may indeed indicate that the decision was negligently made, but such negligence does not remove the cloak of sovereign immunity that protects discretionary functions. *See Dalehite*, 346 U.S. at 33, 73 S.Ct. at 966–67.

In the case *sub judice,* the decision by the ATF Bureau to give the explosive device at issue to the Department of Agriculture and then to the State of Mississippi Wildlife Department was a decision within the ATF Bureau's discretionary function under 40 U.S.C. § 304h(a). The statute itself provides that a decision to distribute the explosives is left to the "judgment of the Administrator". The decision to distribute the explosives and the manner of distribution, whether with or without warnings, must thus be considered the type of decision-making that is immunized from second-guessing by the judiciary. "The 'discretion' protected by the [discretionary function exception] ... is the discretion ... to act according to one's judgment of the best course." *Dalehite,* 346 U.S. at 34, 73 S.Ct. at 967, 97 L.Ed. at 1440. Such judgment is the subject of attack in the instant action. The court finds that based upon the factors listed in *Varig* and on the holding by the Fifth Circuit Court of Appeals in *Ford,* it does not have subject matter jurisdiction to hear the merits of this attack.

As the court in *Ford* held that the decision not to issue warnings was within the discretionary function of the postal service, so too this court must hold that the decision not to issue warnings on the explosive device in question was within the discretionary function of the ATF Bureau. The court notes that in making this determination the question of whether the bureau was in fact negligent is not relevant. *See Dalehite,* 346 U.S. at 33, 73 S.Ct. at 966–67.

Accordingly, the court finds that it is without subject matter jurisdiction to hear the merits of the plaintiff's claim. Based on the foregoing, it is hereby Ordered that the plaintiff's claim should be and is hereby dismissed.