**Agnes WIGGINS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Through the DEPARTMENT OF the ARMY, et al., Defendants-Appellees.**

No. 85–3700.

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1986.

Victor L. Marcello, Donaldsonville, La., for plaintiff-appellant.

Irving A. Pianin, Torts Branch, Civ. Div., Dept. of Justice, Washington, D.C., for defendants-appellees.

Before CHARLES CLARK, Chief Judge, and JERRE S. WILLIAMS and PATRICK E. HIGGINBOTHAM, Circuit Judges.

## OPINION

JERRE S. WILLIAMS, Circuit Judge.

Appellant, Agnes Wiggins, sues for recovery of damages from the United States under the Suits in Admiralty Act, 46 U.S.C. § 741 *et seq.*, (SAA) for the death of her husband in a boat accident. The district court granted summary judgment in favor of the government, holding that the Army Corps of Engineers' decision not to clear from the lake the obstruction which caused the accident was a discretionary decision leaving intact governmental immunity from suit. We affirm.

The accident resulting in the death of appellant's husband occurred on Flat Lake, Louisiana. Appellant and her husband were travelling in a 16–foot outboard wooden boat when it struck a submerged and unmarked piling. Her husband was thrown from the boat and killed. The circumstances under which the pilings were put into the lake were summarized in the fact findings of the district court as follows:

> Some seventy years ago the U.S. issued a permit to a private company to install some pilings on the request of lumber companies in the area. The permit was granted by the War Department. In 1973 the St. Mary Parish Police Jury asked the Coast Guard and the U.S. Army Corps of Engineers to remove the pilings. In March of 1973 the Coast Guard attempted to locate the owners of the pilings, but its investigation showed that the owners were no longer in business and, therefore, could not fulfill the requirements that such pilings be marked.

> Further, the [Corps had] made a decision not to remove the pilings in Flat Lake in December of 1971. The Corps decided that the pilings were located outside of the channel in shallow water and did not present a hazard any greater to fishing or recreational navigation than was presented by natural hazards such as underwater stumps, logs and trees. The Corps further decided that the removal of the pilings would have little if any

influence on general navigation and determined that the expenditure of government funds for the removal of pilings was not justified.

Appellant raises two issues which will be discussed in turn. The first is whether there is implied in the SAA a discretionary function exception to recovery by a private party in a suit for negligence against the United States Government. The second, which follows from an affirmative answer to the first, is whether the decision of the Army Corps of Engineers not to remove the pilings in Flat Lake was properly the exercise of a discretionary function by the governmental entity. The district court answered both of these issues in the affirmative.

## I.

The Suits in Admiralty Act, passed in 1920, does not contain a specific exception of the discretionary acts of government employees from coverage as does the later enacted Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., which became effective January 1, 1945. With one exception, the Federal Circuits that have faced the issue have implied a discretionary exception comparable to the exception in the Federal Tort Claims Act, 28 U.S.C. § 2680(a), in the Suits in Admiralty Act in 46 U.S.C. § 745, the section which authorizes suits against the United States. *Williams v. United States,* 747 F.2d 700 (11th Cir.1984); *Gemp v. United States,* 684 F.2d 404 (6th Cir. 1982); *Estate of Callas v. United States,* 682 F.2d 613 (7th Cir.1982); *Canadian Transport Co. v. United States,* 663 F.2d 1081 (D.C.Cir.1980); *Bearce v. United States,* 614 F.2d 556 (7th Cir.1980), cert. denied, 449 U.S. 837, 101 S.Ct. 112, 66 L.Ed.2d 44 (1980); *Chute v. United States,* 610 F.2d 7 (1st Cir.1979), cert. denied, 446 U.S. 936, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980). The only circuit court holding to the contrary is the Fourth Circuit in *Lane v. United States,* 529 F.2d 175 (1975).

Appellant concedes the weight of authority clearly favors a discretionary function exception read into § 745 of the Suits in

Admiralty Act. She relies, however, upon the case of *DeBardeleben Marine Corp. v. United States,* 451 F.2d 140 (5th Cir.1971). In that case we stated in a dictum that we rejected the "[r]eimportation of FTCA provisions or exceptions" into the SAA. 451 F.2d at 146 and fn. 15. That case, however, involved only the second issue which arises in this case, and asserted negligent action by the government once the government has undertaken to act. The case did not at all involve the issue of discretion in the decision as to whether to act or not.

In *McCormick v. United States,* 645 F.2d 299, 306 fn. 12 (5th Cir.1981), we significantly limited the *DeBardeleben* dictum, although we did not overrule it item by item. In that note we said in part:

> The promise in *DeBardeleben* that comprehensive coverage of maritime torts by the SAA, itself a comprehensive waiver of sovereign immunity, would result in no FTCA-strings attached, ... has been unfulfilled. Since *DeBardeleben* this Court, as have others, has shown little reluctance to limit SAA causes of action along the lines of a suit under the FTCA.

Then after considering some other cases showing other uses of the FTCA in applying the SAA we went on to say in the same footnote:

> *Gercey v. United States,* ... 540 F.2d [536] at 538–39 (1st Cir.1976), read a "discretionary functions" exception from waiver of immunity, expressly provided for in the FTCA, ... into the SAA, even though that Act makes no distinction between "discretionary" and "non-discretionary" negligence resulting in death or injury. To the same effect was the holding of the Seventh Circuit in *Bearce v. United States, supra, . . . .*

It is to be emphasized that in this statement we did not cast doubt upon these later developments. We presented them as an obvious and accepted limitation upon the dictum in *DeBardeleben.* We now conclude, therefore, that *DeBardeleben* is not binding in this Circuit, even by way of dictum, and that there are no authoritative holdings in this Circuit on the issue of

whether a discretionary function exception is applicable under the SAA.

In passing it should also be noted that the Fourth Circuit has weakened its own holding in the *Lane* case, *supra,* in *Faust v. South Carolina State Highway Dept.,* 721 F.2d 934, (4th Cir.1983), *cert. denied,* 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 874 (1984). *Faust* is a case closely analagous to the case before us because the decedent's motor boat collided with a steel guide cable authorized by the United States Government and used by the South Carolina State Highway Department in the operation of a cable ferry across the canal in the Atlantic Intracoastal Waterway. In *Faust* the Court said: "We know of no decision holding the United States liable in tort on the basis of an alleged failure by the Corps of Engineers to fulfill its statutory mandate to regulate obstructions placed in the navigable waterways." *Id.* at 938. It then went on to point out that the exercise of the function of issuing permits is "an unreviewable discretionary function", citing *California v. Sierra Club,* 451 U.S. 287, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981), and several Courts of Appeals decisions. *Id.* at 939. Of particular importance in *Faust* is the recognition of the "discretionary function" of the government without regard to the Tort Claims Act exception. It can fairly be said, then, that the Fourth Circuit is no longer on record as having held unassailably that no discretionary function exception is implied in the SAA. It has weakened or cast doubt upon the holding in *Lane,* although it has not overruled it.

▮ While we in this circuit have not been presented squarely with the issue, the later cases in other circuits, as shown above, all take the position that such an exception must be recognized under § 745 of the Suits in Admiralty Act. We find those cases to be soundly reasoned. Even more important, however, we find that strong support for this view flows from the recent unanimous decision of the United States Supreme Court in *United States v. S.A. Empresa de Viacao Aerea Rio Gran-*

*dense (Varig Air Lines),* 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). Chief Justice Burger in *Varig* reconsidered and reaffirmed the careful historical study of the discretionary function exception in the FTCA which was undertaken in the leading case of *Dalehite v. United States,* 346 U.S. 15, 26, 73 S.Ct. 956, 963, 97 L.Ed. 1427 (1953). In doing so the Court in *Varig* again affirmed the persuasiveness and validity of statements made in the Congress at the time of the passage of the FTCA which took the view, as quoted in *Varig:*

It was believed that claims of the kind embraced by the discretionary function exception would have been exempted from the waiver of sovereign immunity *by judicial construction;* nevertheless, the specific execption was added to make clear that the Act (FTCA) was not to be extended into the realm of the validity of legislative or discretionary administrative action. (emphasis added).

104 S.Ct. at 2763.

This analysis is based upon a combination of the doctrines of sovereign immunity and separation of powers. It is, of course, basic textbook law that sovereign immunity is assumed and the waiver of sovereign immunity requires clear statutory expression. *Dalehite v. United States,* 346 U.S. at 31, 73 S.Ct. at 965. A "judicial construction" of a discretionary exception recognizes that the breadth of the statutory waiver of sovereign immunity is in doubt. It surely is in doubt in § 745 of SAA.

The separation of powers concern derives from the fear of judicial intervention in the day by day governmental activities. As the Supreme Court said in *Varig.*

Congress wished to prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort. By fashioning an exception for discretionary governmental functions, including regulatory activities, Congress took "steps to protect the government from liability that would seriously handicap efficient government operations." *United States*

*v. Muniz,* 374 U.S. 150, 163, 83 S.Ct. 1850, 1853, 10 L.Ed.2d 805 (1963).

467 U.S. at 814, 104 S.Ct. at 2765.

The District of Columbia Circuit relied specifically upon the separation of powers argument in *Canadian Transport Co., supra,* 633 F.2d in these words at 1085:

> We believe that respect for the doctrine of separation of powers requires that in cases arising under the Suits in Admiralty Act, courts should refrain from passing judgment on the appropriateness of actions of the executive branch which meet the requirements of a discretionary function exception of the FTCA....

Without the implication of a discretionary functions exception in the SAA, every decision of a government official cognizable under that Act would be subject to a second-guessing by a court on the claim that the decision was negligent. All the Courts of Appeals which have faced this disrupting and overbearing prospect, with the exception of *Lane v. United States, supra,* have recognized the danger and have recognized an implied discretionary function limitation in the SAA. And the *Lane* case has been severly limited by a later decision of the Fourth Circuit.

In this case of first impression we join the virtually unanimous holdings and reasonings of the other federal Courts of Appeals and recognize that a discretionary functions limitation is implicit in private suits brought against the United States Government under the Suits in Admiralty Act, 48 U.S.C. § 745. Judge Feldman in the district court so held, and we agree.

## II.

■ As the remaining issue, appellant asserts that the Corps of Engineers was negligent in failing to remove the pilings or in failing to trace the owner and have the owner of the pilings remove them. In making this claim, appellant relies upon the well established law deriving from the leading case of *Indian Towing Co. v. United States,* 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), in which recovery to a barge owner under the FTCA was affirmed be-

cause of the negligent operation of a lighthouse by the Coast Guard. The reasoning in that case, which has been followed in a number of other decisions, is that once the government does undertake to supply a service, then it must be held responsible for negligent acts in supplying the service. This means that the discretionary exception only reaches the discretionary decision as to whether to supply the service or not. But once the discretionary decision has been made to supply the service, then the very purpose of the Tort Claims Act was to waive sovereign immunity and allow recovery for negligent actions of the government beyond the discretionary decision.

As the Supreme Court recognized in *Varig,* "It is unnecessary—and indeed impossible—to define with precision every contour of the discretionary function exception." 467 U.S. at 813, 104 S.Ct. at 2765. In March of this year we had occasion to consider this line of demarcation in some detail in *Wysinger v. United States,* 784 F.2d 1252 (5th Cir.1986), in which we held it was within the discretionary exception of the FTCA for the United States Government (Forest Service) to discontinue maintaining a lifeguard on duty at a site where swimming facilities had been developed. The site was carefully marked with signs pointing out that no lifeguard was on duty and that one must "swim at your own risk". We held that the removal of any lifeguard protection some time before the drowning was a discretionary decision by the government and could not be made the basis of a FTCA claim.

On the other side, there are, for example, a number of unassailable cases holding that once the government undertakes to furnish medical care for dependents of service personnel the government can be held liable for negligence in the medical care. *E.g., Rise v. United States,* 630 F.2d 1068 (5th Cir.1980). Also, in *Butler v. United States,* 726 F.2d 1057 (5th Cir.1984), we held the government liable for leaving a dangerous condition while engaged in dredging operations over a period of time. In these cases we recognized that "the government created the danger after the

critical discretionary decision had been made." *Wysinger*, 784 F.2d at 1253. This guide to analysis which we stated in *Wysinger* has been quoted with approval in *Brown v. United States*, 790 F.2d 199, 203 (1st Cir.1986).

In the case before us, as the district court found, the Corps of Engineers made the discretionary decision not to remove the pilings in Flat Lake. It was uneconomical to do so and other natural obstructions in the lake created as much hazard as did the pilings. The quality of this decision is exempt from challenge under the implied discretionary decision exception of § 745 of the SAA. Once that decision was made, the government did nothing which created any additional hazard or danger to appellant and her deceased husband. Thus, the *Indian Towing* rule does not apply because the government did not act in any way negligently toward appellant after the original discretionary decision not to remove the pilings had been made. And that original decision was exempted from a negligence analysis as discretionary.

Appellant also makes the subsidiary claim, however, that the government was obligated to try to search down the owner of the pilings and have it remove the pilings. This assertion is based upon the claim by appellant that the original owner of the pilings has now become merged into a company which is financially responsible. The assertion undertakes to defeat the conclusion reached by the Corps of Engineers that the owner if found would not be financially responsible to remove the pilings. The inquiry by the Corps of Engineers as to the source of the pilings and whether they could be removed by the owner was instigated by the local Parish Police Jury as is pointed out in the findings of fact of the district court stated earlier in the opinion.

Appellant's assertion is irrelevant to the granting of the summary judgment in the favor of the United States Government in this case. Since the government made the discretionary decision that there was no need to remove the pilings, any other theory undertaking to hold the government responsible for not having the pilings removed is barred. The discretionary decision not to remove had been made.

The district court properly concluded, therefore, that there was no substantial factual issue before the court since the law excepted the decision of the Corps of Engineers from inquiry as to tort liability under the Suits in Admiralty Act. We, therefore, affirm the decision of the district court granting summary judgment for the government.

AFFIRMED.