Carrie A. MCMELLON,
et al., Plaintiffs,

v.

UNITED STATES of America,
Defendants.

No. CIV.A. 3:00–0582.

United States District Court,
S.D. West Virginia,
Huntington Division.

April 5, 2002.

Todd Powers, Schroeder, Maundrell, Barbiere & Powers, Cincinnati, OH, for Plaintiffs.

Michael Keller, United States Attorney's Office, Charleston, WV, for Defendants.

## ORDER

GOODWIN, District Judge.

Now pending is the United States's (1) Motion to Dismiss for Lack of Subject Matter Jurisdiction; or in the Alternative, Motion for Summary Judgment; (2) Motion to Preclude the Expert Testimony of John Deck, III; and (3) Motion to Strike John Deck's Report. For the reasons discussed below, the court **DENIES** the United States's Motion to Dismiss, and **GRANTS** the Motion for Summary Judgment. The court **DENIES** the United

States's Motion to Preclude Expert Testimony and Motion to Strike as moot.

## I. FACTUAL BACKGROUND

On August 5, 1999, plaintiffs were injured when their water crafts went over the Robert C. Byrd dam. The plaintiffs were unfamiliar with the section of the river on which they were traveling and failed to see any of the warning signs posted along the river. Some of the signs were obscured by bushes and trees. Plaintiffs had not consulted any navigation charts, chartlets, maps, publications, or any other navigational aids.

The dam is operated by the United States Corps of Engineers (Corps), and is owned by the United States. The Corps implemented a buoy-warning system for its dams in 1993. In 1995, it began an extensive rehabilitation work on the dam. The Corps determined that the buoys posed a safety threat to vessels used on the project. It therefore removed the buoys in the fall of 1995.

## II. STANDARD OF REVIEW

The United States has filed both a Motion to Dismiss and Motion for Summary Judgment. The standard on a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is rigorous. "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A court considering a motion to dismiss construes all well-pled allegations in the complaint in the light most favorable to the plaintiff. *Id.* A court should grant a motion to dismiss when the plaintiff could prove no set of facts that would entitle him to relief. *Booth v. Old Nat'l Bank*, 900 F.Supp. 836, 840 (N.D.W.Va.1995).

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P.* 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. DISCUSSION

### A. Immunity

The doctrine of sovereign immunity prevents the United States from being sued without the consent of Congress. *United States v. Bankers Ins. Co.*, 245 F.3d 315, 320 (4th Cir.2001). The Suits in Admiralty Act (SIAA), 46 U.S.C. § 741 *et seq.* (2002), provides such consent in admiralty cases. The SIAA imposes liability upon the government where principles of admiralty law would impose liability on private individuals. *See Hurd v. United States*, 134 F.Supp.2d 745, 766 (D.S.C. 2001).

Here, the United States argues that despite the SIAA's waiver of immunity, it is nonetheless immune from suit because the SIAA is subject to the discretionary-function exception contained in the Federal Torts Claim Act (FTCA), 28 U.S.C. § 2680 (2002). In suits under the FTCA, the United States is not liable for the consequences of misjudgment or inaction of officials having discretionary functions. *Id.* § 2680. While the SIAA contains no specific exception covering the

discretionary acts of government employees, most circuits have applied the FTCA's discretionary-function exception to suits under the SIAA. *See Wiggins v. United States*, 799 F.2d 962, 964 (5th Cir.1986).

■■■ The Fourth Circuit, however, does not recognize the discretionary-function exception under the SIAA. *See Lane v. United States*, 529 F.2d 175, 179 (4th Cir.1975). In *Lane*, the Fourth Circuit relied on the plain language of the FTCA and the SIAA in reaching its result. 529 F.2d at 179. The SIAA contains no discretionary-function exception, and the FTCA specifically exempts claims which fall under the SIAA. *Id.* Therefore, as the *Lane* court reasoned, there is no basis upon which to import the exceptions from the FTCA to the SIAA. *Id.*

■■■ In circuits which have adopted the FTCA exceptions for admiralty cases, courts apply a two-part test to determine whether conduct is subject to the discretionary-function exception. *See Gercey v. United States*, 540 F.2d 536 (1st Cir.1976). Under that analysis, a court first determines whether the conduct involves an element of judgment or choice, and then whether the judgment is the type the exception was designed to shield. *See, e.g., Hughes v. United States*, 110 F.3d 765, 768 (11th Cir.1997). A large body of case law provides guidance to courts in a case-by-case application of the discretionary-function exception. This two-step analysis and accompanying case law is inapplicable in the Fourth Circuit.

Nevertheless, the Fourth Circuit has applied an exception in two limited circumstances. *See Faust v. South Carolina Hwy. Dep't.*, 721 F.2d 934, 939 (4th Cir. 1983) (narrowing *Lane* by finding the issuance of permits unreviewable); *Tiffany v. United States*, 931 F.2d 271, 277 (4th Cir. 1991) (finding decisions regarding national defense unreviewable); *see also Hurd*, 134 F.Supp.2d at 768. In *Faust*, the exception

applied because issuing permits is the basic exercise of the Corps's duty to regulate and as such, was an unreviewable discretionary function. 721 F.2d at 938. Similarly, decisions concerning matters of national security are reserved for the congressional and legislative branches, and are due judicial deference. *Tiffany*, 931 F.2d at 277. Such decisions are unreviewable because courts lack the specialized knowledge or familiarity with agency standards necessary to evaluate the propriety of issuing permits or conducting military operations. *See id.* at 278; *Faust*, 721 F.2d at 939.

It appears that the Fourth Circuit has simply decided that some cases are inappropriate for judicial review and has done so without applying the formalistic and lengthy analysis used by other courts. Such an ad hoc method provides little guidance to district courts. In the absence of more specific guidance, this court will simply evaluate the claims in light of the general rule announced in *Lane* and the exceptions recognized in *Tiffany* and *Faust*.

The court finds these claims are unlike those in *Tiffany* and *Faust*. No specialized knowledge as to military expertise or ministerial decisions are involved. Here the claims are like typical tort cases, appropriately encompassed by the general rule announced in *Lane*. Accordingly, the United States's alleged negligent actions are reviewable and the court **DENIES** the United States's Motion to Dismiss on the basis of immunity.

### B. Duty

■■■ For the plaintiffs to hold the United States liable, the Corps must have breached some statutory or common-law duty. *See Faust*, 721 F.2d at 937. Plaintiffs argue that the Corps violated the common-law duty of due care. Therefore,

the inquiry here is whether the Corps's decision to remove warning buoys and its failure to maintain warnings signs breached its common-law duty of due care. *See Lane,* 529 F.2d at 180.

 The general duty of due care, however, does not impose a duty on the United States to maintain safe conditions on water that it owns. *Faust,* 721 F.2d at 939 (stating that the government has no general duty to "ensure navigable waters are safe or to provide warning devices"). Here, the Corps had no duty to place buoys upriver from the dam. Where there is no duty, there can be no breach.

Nonetheless, once the government has provided remedial measures, it may be liable where such measures mislead a boater and cause an accident. *Id.* at 939–40. Plaintiffs, however, do not argue that the signs were misleading. Instead, they argue that because the signs were obscured by vegetation, they could not see the signs, and as a result, they went over the dam. The court finds that obscured signs are not analogous to misleading signs. The situation is more akin to a complete lack of signs. Because the Corps has no duty to erect warning signs to ensure safe navigation, the lack of visible signs does not indicate a breach of duty. *See id.* at 939. Moreover, plaintiffs have not shown that the government's remedial measures mislead them. *See id.*

The court finds that plaintiffs have offered neither legal authority nor evidence establishing that the Corps breached a duty by failing to trim vegetation around its warning signs, or by removing warning buoys. The court **GRANTS** the United States's Motion for Summary Judgment. The defendant's counterclaims are only for indemnity and are now **MOOT.** The same are hereby **DISMISSED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and to publish the same on the court's web site at www.wvsd.uscourts.gov.