Isie D. WYSINGER

v.

UNITED STATES of America.

Civ. A. No. 84–1103.

United States District Court,
W.D. Louisiana,
Shreveport Division.

Aug. 14, 1985.

Edward Chevallier, Burkett & Chevallier, Many, La., for plaintiff.

Joseph S. Cage, U.S. Atty., and John R. Halliburton, Asst. U.S. Atty., Dept of Justice, Shreveport, La., for defendant.

MEMORANDUM RULING

STAGG, Chief Judge.

This case involves the death of Lewis Wysinger on May 29, 1983 in a drowning

accident at Red Hill Lake, a recreational area within the Sabine National Forest which is maintained by the Forest Service (an agency of the United States Department of Agriculture). Plaintiff, mother of the deceased, sued the United States of America under the Federal Tort Claims Act (FTCA) alleging negligence in the failure to provide adequate supervision and safeguards at a swimming facility open to the public.

The United States has filed a motion to dismiss or in the alternative for summary judgment. The United States urges that this court lacks subject matter jurisdiction, that the complaint fails to state a claim upon which relief can be granted, and that the government is entitled to summary judgment under the Texas Recreational Use Statute. Because this court concludes that it lacks subject matter jurisdiction over plaintiff's claim, defendant's alternative requests for dismissal under Rule 12(b)(6) and for summary judgment under Rule 56 are MOOT.

28 U.S.C. § 1346(b) grants the United States District Courts:

> [E]xclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or admission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

This jurisdictional grant is limited, however, by "provisions of Chapter 171 of this title." *Id.* The exception to jurisdiction involved in this case is 28 U.S.C. § 2680(a):

> The provisions of this chapter and § 1346(b) of this title shall not apply to—
>
> (a) Any claim based upon an act or omission of an employee of the Government, ... based upon the exercise or performance or the failure to exercise or perform a discretionary function

or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

To the extent that any alleged act of negligence asserted under the FTCA falls within the exception delineated by § 2680(a), this court lacks subject matter jurisdiction and the claim must be dismissed. *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); *Flammia v. United States*, 739 F.2d 202 (5th Cir.1984).

The defendant correctly points to *Dalehite, supra* and *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), as controlling jurisprudence for determining the discretionary or non-discretionary nature of a government agency or employee's conduct. The *Dalehite* court declined to establish a formal definition of "discretionary function," but held:

> [T]he 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable.

73 S.Ct. at 968.

The Supreme Court has recently reaffirmed the *Dalehite* standard in *Varig Airlines*. *Varig Airlines* also clarified *Dalehite* by listing factors to consider in assessing whether conduct is discretionary:

> First, it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case.... Thus the basic inquiry concerning the application of the discretionary function exception is whether the challenged acts of a Government employee—whatever his or her rank—are of the nature and

quality that Congress intended to shield from tort liability. Second, whatever else the discretionary function exception may include, it plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals.

104 S.Ct. at 2765.

Applying the *Varig Airlines* and *Dalehite* standards, the defendant urges that the discretionary function exception to this court's jurisdiction be applied in the case at bar. The plaintiff opposes this motion to dismiss on the grounds that when the government voluntarily assumes a duty it must be carried out in a non-negligent manner and that the decision not to have lifeguards at Red Hill Lake is an actionable tort because it was an operational decision made by the Forest Service concerning a revenue generating program.

The United States Department of Agriculture is granted by Congress the general authority to regulate the national forests. 16 U.S.C. §§ 472, 475, 528–531. The Forest Service Manual sets forth regulations regarding the designation, design, administration, and operation of swimming sites in the national forests. The Forest Service Manual lists guidelines to be followed by forest supervisors in determining the need for lifeguards at a particular swim site. Forest Service Manual § 2335.21. Applying these factors, the forest ranger in charge of the Sabine National Forest made the decision not to provide lifeguards at Red Hill Lake in fiscal year 1983. The plaintiff concedes that the failure to provide a lifeguard at Red Hill Lake in 1983 was the result of a decision made by the district ranger.

This decision not to employ lifeguards is the gravamen of plaintiff's allegation of negligence on the part of the United States. Because the plaintiff's complaint is based on the allegation of negligence in a policy choice not to provide lifeguards, it must be dismissed under the *Dalehite* and *Varig Airlines* analysis.

The *Dalehite* court, after an analysis of the legislative history of the FTCA, concluded that Congress had in mind a waiver of sovereign immunity only for ordinary torts (the classic example being an automobile accident). 73 S.Ct. at 964. On the other hand, Congress intended *no waiver of sovereign immunity where no negligence was shown on the part of an individual government employee. Id.* The purpose of this exception to the waiver of sovereign immunity was to prevent citizens from challenging the validity of discretionary acts through tort suits. *Id.* at 965. The federal employee is accorded complete discretion "to act according to [his] judgment of the best course." *Id.* at 967.

The *Varig Airlines* decision made it clear that federal courts lack subject matter jurisdiction to review the decision of government agencies and employees in a suit for damages under FTCA:

> Judicial intervention in such decisionmaking through private tort suits would require the courts to 'second-guess' the political, social, and economic judgments of an agency exercising its regulatory function. It was precisely this sort of judicial intervention in policy making that the discretionary function exception was designed to prevent.

104 S.Ct. at 2768.

That the decision made created risk of injury to individuals is immaterial. The *Varig Airlines* court found that where the government undertakes "certain calculated risks, ... encountered for the advancement of a governmental purpose and pursuant to the specific grant of authority in the regulations and operating manuals," the decision to take such risks "falls squarely within the discretionary function exception of § 2680(a)." *Id.* at 2768–69. In light of the *Varig Airlines* case, the United States Court of Appeals for the Fifth Circuit recently reevaluated its approach to the discretionary function exception of § 2680, and specifically rejected the distinction between high level decisionmaking and specific operational decisions which the plaintiff urges this court to adopt. *Flammia,* 739

F.2d at 204. The *Flammia* court held "that the exemption of the Federal Tort Claims Act derived from this discretion extends to specific and individual applications as well as to broad policies." *Id.; See also Spencer v. New Orleans Levee Board,* 737 F.2d 435 (5th Cir.1984).

The district ranger of the U.S. Forest Service made the decision not to employ lifeguards at Red Hill Lake. This court has no jurisdiction to second-guess the propriety of that decision. Plaintiff urges that the fact that the United States charges a fee at Red Hill Lake removes it from the § 2680 exception for discretionary function. Plaintiff cites no authority to support this proposition and this court has found none.

The United States has not waived its sovereign immunity in such a manner as to allow federal courts the opportunity (or the jurisdiction) to review the discretionary decisions of federal agencies or employees. For this reason, defendant's motion to dismiss for want of subject matter jurisdiction must be GRANTED.

An Order consistent with the terms of this Ruling shall issue herewith.