**Isie D. WYSINGER, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 85–4657

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 14, 1986.

Burkett & Chevallier, Edward Chevallier, Many, La., for plaintiff-appellant.

Joseph S. Cage, Jr., U.S. Atty., Dosite H. Perkins, Jr., John R. Halliburton, Asst. U.S. Attys., Shreveport, La., for defendant-appellee.

Before CHARLES CLARK, Chief Judge, JERRE S. WILLIAMS and PATRICK E. HIGGINBOTHAM, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge.

Louis Wysinger, a minor, drowned while swimming at a developed swim site in Red Hills Lake, a part of the Sabine National Forest in Texas. The site and the forest are maintained by the Forest Service, an agency of the United States Department of Agriculture. The deceased's mother, Isie D. Wysinger, brought a wrongful death suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., against the United States Government, alleging failure to provide adequate supervision and life guards.

The district court, 621 F.Supp. 773, granted a motion to dismiss for lack of subject matter jurisdiction on the ground that the action of the government in not maintaining a life guard at the site was within the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a). We affirm.

The record establishes that the site at which young Wysinger lost his life has been developed by the Forest Service as a place for swimming. The Forest Service, however, had not maintained a life guard at the site for several years. Three prominent signs were posted which stated: "No Life Guard on Duty—Swim at Your Own Risk". Appellant does not raise an issue concerning the inadequacy of the posting of the signs. Rather, the claim is that under Forest Service regulations a life guard had to be maintained at the site or the site had to be "closed or altered". Since neither closing or alteration of the site had occurred, a legal duty had been violated which did not leave room for discretion. The claim in brief is that something was required to be done and nothing had been done.

The application of the term "discretionary function" as an exception to the United States Government's consent to be sued under the Federal Tort Claims Act stems from the leading case of *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). That case arose from the devastating Texas City explosion of April 1947. It involved the government's discretionary decision to ship badly needed explosive fertilizer without adequate precautions to insure against explosions. *Id.* at 35, 73 S.Ct. at 968, the Court said that a discretionary function or duty includes not only the initiation of programs and activities, "[i]t also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy, judgment and decision there is discretion."

Appellant urges that two cases decided shortly after the *Dalehite* case should be read as limiting to some extent the sweeping language contained in the *Dalehite* opinion. In *Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955), the Court held that the negligent operation of a lighthouse by the Coast Guard was not within the discretionary function exemption. The discretion was found in the decision as to whether or not to operate a lighthouse. But once the decision was made to operate the lighthouse, then the government was required to operate it without negligence. Again, in *Rayonier, Inc. v. United States*, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957), the Court found the federal government liable for negligence in fighting a forest fire even though obviously the negligence involved decisions by officials as to how the fire should be fought.

These cases, however, stand only for the proposition that once the government has made a decision to act the government is responsible for acts negligently carried out even though discretionary decisions are constantly made as to how those acts are carried out. Thus in accordance with *Indian Towing* and *Rayonier* we held that once the government decided to furnish medical care for dependents of service personnel, negligence in the medical care was actionable even though it is obvious that treatment involves frequent discretionary decisions. *Rise v. United States*, 630 F.2d 1068 (5th Cir.1980). *See also Butler v. United States*, 726 F.2d 1057 (5th Cir.1984), holding the government liable for leaving a dangerous condition while engaged in dredging operations over a period of time. In these cases the government created the danger after the critical discretionary decision had been made.

The basic thrust of *Dalehite* was. completely reaffirmed in *United States v. Varig Air Lines*, 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984). The Court in that case again made a broad application of the "exercising discretion" principle. *Varig* involved a claim that the government had been negligent in not checking into certain

matters in inspecting and certifying an airplane. The Court said that such governmental activity as certifying an aircraft is a discretionary function. The government does not create the danger. In words directly in point to the facts of this case, the Court said, "When an agency determines the extent to which it will supervise the safety procedures of private individuals it is exercising discretionary regulatory authority of the most basic kind."

This Court has broadly interpreted "discretionary function" in accordance with *Dalehite* and *Varig*. In *Ford v. American Motors Corp.*, 770 F.2d 465 (5th Cir.1985), we upheld the decision of the postal service to sell used jeeps at a surplus sale without warning buyers that a jeep is more likely to upset in sharp turns than the average passenger car. We found the manner of sale to be a discretionary function excepted from the Federal Tort Claims Act.

Appellant's conclusion in this case that the Forest Service Manual required the Service either to close the site without a life guard or to make alterations focuses upon the second step of the Forest Service's regulation of swim sites. It ignores the first. The Forest Service Manual, Title 2300—Recreation Management, Section 2335.22, states that "each site must be analyzed to determine the need for life guards." It then lists a series of factors to take into account in making that decision. Further in the same section the manual provides, "Service-wide, there are relatively few areas where life guards are considered necessary."

The exercise of discretion by the government employees was at this initial level. A determination was made in accordance with the manual that a life guard was not necessary at this site. That portion of the manual upon which appellant relies comes into play only when the exercise of discretion leads to the conclusion that a life guard is "necessary" at a particular site but one will not be provided. Then and only then does the manual require that "other alternatives will be implemented, including altering or closing the site."

 It is clear in this case that the discretionary action which is at issue was the decision of the Forest Service that a life guard was not necessary at this site. Since appellant's wrongful death claim is based upon failure to have a life guard at the site, the attempt to recover under the Federal Tort Claims Act must fail because the governmental decision not to have a life guard at the site fell in the "discretionary function" exception to jurisdiction under the Federal Tort Claims Act. Only if there had been a life guard on duty who acted negligently or the government had negligently failed to warn of dangers at the swimming site would there be jurisdiction under the Federal Tort Claims Act.

The district court was correct in dismissing the case for lack of subject matter jurisdiction, and the decision of that court is

AFFIRMED.