Bram C. COUMOU, Plaintiff–Appellee,

v.

UNITED STATES of America, Defendant–Appellant,

and

Lieutenant Jacoblowski; Commander Mizell; Lieutenant Kontratowicz, Defendants.

Nos. 95–30219, 95–30697.

United States Court of Appeals, Fifth Circuit.

May 21, 1997.

George J. Fowler, III, Paul Newman Vance, Jeffry L. Sanford, New Orleans, LA, Keith Bernard Letourneau, U.S. Dept. of Justice, Washington, DC, for Bram Coumou in No. 95–30219.

Thomas Mark Bondy, U.S. Dept. of Justice, Civil Div., Washington, DC, Keith Bernard Letourneau, Richard T. Buckingham, Mark Bernard Stern, U.S. Dept. of Justice, Washington, DC, Ruth Morris Force, Asst. U.S. Atty., US. Atty.'s Office, New Orleans, LA, for U.S.

George J. Fowler, III, Paul Newman Vance, Jeffry L. Sanford, New Orleans, LA, for Bram Coumou in No. 95–30697.

Richard T. Buckingham, U.S. Dept. of Justice, Washington, DC, Ruth Morris Force, Asst. U.S. Atty., US. Atty.'s Office, New Orleans, LA, for Commander Mizell.

Keith Bernard Letourneau, Richard T. Buckingham, U.S. Dept. of Justice, Washington, DC, Ruth Morris Force, Asst. U.S. Atty., US. Atty.'s Office, New Orleans, LA, for Lieutenant Kontratowicz.

*ON REHEARING*

(Opinion February 26, 1997, 5th Cir., 1997, 107 F.3d 290)

Before POLITZ, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

POLITZ, Chief Judge:

In response to the government's petition for rehearing, the final two paragraphs of the original opinion are withdrawn and are replaced by the following; otherwise the petition for rehearing is DENIED.

We are not persuaded that the discretionary-function exception necessarily defeats Coumou's suit. We have noted that "[c]ourts have generally drawn a line between decisions at a planning level, or decisions that exercise policy judgment, and decisions at a[n] operational level, or decisions that are merely incident to carrying out a government policy." [22] Even if the government is immune from tort suits with respect to its policy decision to search the NORDIC in Haiti and then accede to the Haitian request to exercise Haitian jurisdiction, it still had a duty to exercise reasonable care in carrying out that policy.[23]

The Supreme Court has clarified the definition of a "discretionary function" by explaining that it can include even a low-level operational decision so long as the decision "requires judgment as to which of a range of permissible courses is the wisest." [24] A government planner low in the organizational hierarchy can nevertheless exercise discretion on behalf of the government. The central question, then, is whether the government engaged in tortious conduct not "grounded in social, economic, [or] political policy." [25]

According to Coumou, the government failed to communicate potentially exculpatory information from one LEDET to another and then failed to communicate that information to Haitian police and prosecutors. The United States has no policy interest in treating informants the same way it treats other suspected criminals. Its need for discretion in conducting foreign relations does not include a need to decide whether to inform foreign governments that there may be no basis for prosecuting a United States citizen because he provided the tip that led to the arrest. If Coumou's account of events in Port–au–Prince is accurate, the government was required to take reasonable care to see that Haitian officials learned of Coumou's cooperation. Its failure to transmit the information may have been the result of a breach of that duty.

We remand Coumou's suit for the district court to determine whether the government failed to convey information to Haitian authorities and whether any such failure breached its duty of reasonable care.

REVERSED and REMANDED.

**22.** *Trevino v. General Dynamics Corp.*, 865 F.2d 1474, 1484 (5th Cir.), *cert. denied*, 493 U.S. 935, 110 S.Ct. 327, 107 L.Ed.2d 317 (1989).

**23.** See *Wysinger v. United States*, 784 F.2d 1252, 1253 (5th Cir.1986) ("[O]nce the government has made a decision to act the government is responsible for acts negligently carried out even though discretionary decisions are constantly made as to how those acts are carried out."); *United States v. Gavagan*, 280 F.2d 319, 325 (5th Cir.1960) (finding liability for "failure to pass on and evaluate vital information" during an attempt to rescue a sinking shrimper boat), *cert. denied*, 364 U.S. 933, 81 S.Ct. 379, 5 L.Ed.2d 365 (1961). See also *Lettsome v. United States*, 411 F.2d 917 (5th Cir.1969) (finding that the failure of a naval employee to warn of a particular defect was negligence for which the United States was liable); *United States v. Lawter*, 219 F.2d 559 (5th Cir.1955) (finding the government negligent for allowing an untrained man to operate helicopter rescue equipment).

**24.** *United States v. Gaubert*, 499 U.S. 315, 325, 111 S.Ct. 1267, 1275, 113 L.Ed.2d 335 (1991).

**25.** *Id.* at 323, 111 S.Ct. at 1273–74 (quoting *United States v. Varig Airlines*, 467 U.S. 797, 814, 104 S.Ct. 2755, 2765, 81 L.Ed.2d 660 (1984)). See also *Baldassaro v. United States*, 64 F.3d 206, 209 (5th Cir.1995) ("[T]he focus of the inquiry is on the nature of the action taken and on whether that action is susceptible to policy analysis."), *cert. denied*, — U.S. ——, 116 S.Ct. 1823, 134 L.Ed.2d 929 (1996); *ALX El Dorado, Inc. v. Southwest Sav. & Loan Ass'n*, 36 F.3d 409, 411 (5th Cir.1994) ("The [Gaubert] Court devised a two-part test for applying the 'discretionary function' exception: (1) the challenged conduct must involve an element of judgment or choice, and (2) the judgment or choice must be based on considerations of public policy."); *McNeily v. United States*, 6 F.3d 343, 348 (5th Cir.1993).