# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2018

Lyle W. Cayce
Clerk

No. 17-20466
Summary Calendar

COLLINS O. NYABWA,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-783

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Collins O. Nyabwa appeals from the district court's dismissal with prejudice of his Federal Tort Claims Act (FTCA) complaint, in which he alleged that Immigration and Customs Enforcement (ICE) officials wrongfully investigated and detained him based on his three prior Texas convictions for improper photography, which were subsequently vacated. We review de novo the district court's dismissal pursuant to Federal Rule of Civil Procedure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

12(b)(1).  *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012).  As the party asserting jurisdiction, Nyabwa had the burden of proof for purposes of the Rule 12(b)(1) motion.  *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The FTCA is a limited waiver of the Government's sovereign immunity and permits suits against it for certain tort claims "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  However, there are certain exceptions set forth in 28 U.S.C. § 2680 that block the FTCA's waiver of the Government's sovereign immunity.  *See Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016).  Because waiver of sovereign immunity is strictly construed, any uncertainty is decided in favor of the Government.  *See id.*

To the extent that Nyabwa alleged that ICE officials committed a tort in violation of his federal constitutional rights, the FTCA does not provide a cause of action for such a claim.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994).  As held by the district court, it lacked subject matter jurisdiction over the remainder of Nyabwa's claims pursuant to the due care and discretionary function exceptions, set forth in § 2680(a).  *See Tsolmon*, 841 F.3d at 382-83; *Lively v. United States*, 870 F.2d 296, 297 (5th Cir. 1989).  Moreover, the district court did not abuse its discretion by denying Nyabwa's discovery requests, especially in light of the greater burden applicable to a party attempting to prevent application of an immunity bar.  *See Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013); *Freeman v. United States*, 556 F.3d 326, 341-42 (5th Cir. 2009).  Accordingly, the district court's dismissal of Nyabwa's FTCA complaint is AFFIRMED.

Although this appeal is not frivolous overall, Nyabwa has included in this complaint and appeal many of the same arguments and claims that have

No. 17-20466

already been dismissed as frivolous in various other contexts by the district courts and this court.   Nyabwa is CAUTIONED that future frivolous, repetitive, or otherwise abusive filings will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.   He should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.