ALAN D. ALBRIGHT, UNITED STATES DISTRICT JUDGE
Before the Court is Defendant United States of America's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).[1] After carefully reviewing the Parties' briefs, the relevant law, and the entire case file, the Court finds that Defendant's Motion should be granted for the following reasons.
I. Background
This lawsuit involves facts that are nothing short of horrific. A houseboat is beached in a popular swimming area called Sandy Point, a place where boaters and swimmers comingle. When a houseboat unexpectedly starts its engines tragedy strikes. A four-year old girl is sucked into the propeller, mutilated, and drowned. Her father, while attempting to save her, had both his legs amputated by the boat's propeller-he would eventually die from those injuries. The wife and mother of the husband and daughter was a bystander and witnessed the entire grisly scene. Plaintiffs have brought an action for damages against the United States of America under the Federal Tort Claims Act (the "FTCA") in response to these events. Plaintiffs' claim focuses on allegations that Defendant was (1) aware of the fact that Sandy Point was used by both swimmers and boaters; (2) that the operation of boats presented a hazard to swimmers in the same area; and (3) that Defendant failed to properly regulate the use of motorized vehicles in this environment and did not post any signs warning the public of the hazards of having both boats and swimmers sharing the same space.
II. The Federal Tort Claims Act
The FTCA waives sovereign immunity and permits suit against the United States for claims sounding in state tort law for money damages. 28 U.S.C. § 2674 (waiving sovereign immunity to make the Government liable "in the same manner and to the same extent as a private individual under like circumstances"). It provides district courts with jurisdiction over monetary claims against the Government *795 for the negligent or wrongful acts of its employees "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).
However, the liability of the United States under the FTCA is subject to various exceptions contained in 28 U.S.C. § 2680, including the "discretionary function" exception. See United States v. Gaubert , 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). The discretionary function exception provides that the Government is not liable under the FTCA for:
Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
28 U.S.C. § 2680(a). This exception "covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice,' and 'it is the nature of the conduct, rather than the status of the actor' that governs whether the exception applies. Id. (quoting Berkovitz by Berkovitz v. U.S. , 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988) ; U.S. v. Varig Airlines , 467 U.S. 797, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) ).
III. Discussion
A. Preliminary Disputes
The first issue to be addressed is who has the burden of establishing jurisdiction. The Court finds that the burden rests on the plaintiff because they are the party asserting jurisdiction. At the pleading stage, the plaintiff has the burden to "invoke the court's jurisdiction by alleging a claim that is facially outside of the discretionary function exception." Freeman v. United States , 556 F.3d 326, 334 (5th Cir. 2009). The Court notes it is unclear whether the plaintiff or the government bears the ultimate burden of proving that the discretionary function exception applies. See St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency , 556 F.3d 307, 315 n.3 (5th Cir. 2009). However, there is no question that the plaintiff bears the burden of showing Congress' unequivocal waiver of sovereign immunity. See Kokkonen v. Guardian Life Ins. Co. of Am. , 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). At the motion to dismiss stage, this includes pleading facts that facially allege matters outside of the discretionary function exception. St. Tammany Parish , 556 F.3d at 315 n.3. Based on the foregoing, the Court finds that it is Plaintiffs' burden (1) to establish that the discretionary function exception does not apply; and (2) to establish that the decision of the United States Army Corps of Engineers ("USACE") allowing swimmers and boaters to mix at Sandy Point was either not discretionary or not subject to a policy analysis. See Gaubert , 499 U.S. at 322-23, 111 S.Ct. 1267.
The next issue is whether the Court must, as is typical at a motion to dismiss stage, accept the factual allegations in the complaint as true. The Government contends that at this stage-where the Court is determining whether or not subject matter jurisdiction exists-"no presumptive truthfulness attaches to the plaintiff's allegations...." Document No. 17 at 2 (quoting Montez v. Dep't of Navy , 392 F.3d 147, 149 (5th Cir. 2004) ). The Court finds that in determining whether it is properly vested with subject matter jurisdiction, it is " 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear *796 the case.' " Krim v. pcOrder.com, Inc. , 402 F.3d 489, 494 (5th Cir. 2005) (quoting Montez v. Dep't of Navy , 392 F.3d 147, 149 (5th Cir. 2004) ). Notwithstanding the foregoing, the Court is also aware that a Rule 12(b)(1) motion "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle [the] plaintiff to relief." Ramming v. U.S. , 281 F.3d 158, 161 (5th Cir. 2001) (citing Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss. , 143 F.3d 1006, 1010 (5th Cir. 1998) ).
Finally, Plaintiffs argue that Defendants have failed to demonstrate that a policy decision underlay its decision to allow boaters and swimmers to mix at Sandy Point. The Government contends that this is a misstatement of the law. According to the Government, the question for the Court is instead whether the choice is susceptible to policy analysis or is "grounded in the policy of the regulatory regime." Gaubert , 499 U.S. at 324-25, 111 S.Ct. 1267. It does not matter whether the employee "in fact engaged in a policy analysis when reaching his decision" as long as his decision is "susceptible to policy analysis." Spotts v. United States , 613 F.3d 559, 572 (5th Cir. 2010) (quoting Gaubert , 499 U.S. at 325, 111 S.Ct. 1267 ) (emphasis in original). The Court sides with the Government on this issue because it believes the Government has correctly stated the appropriate standard regarding the discretionary function exception. The Court also concurs that where a regulation or policy affords discretion to the employee, "the very existence of the regulation creates a strong presumption " that the discretionary action taken under that regulation or policy implicates the same policy considerations. Gaubert , 499 U.S. at 324, 111 S.Ct. 1267 (emphasis added).
B. The Discretionary function exception
The Court begins with the issues regarding the discretionary function exception to the FTCA. The discretionary function exception provides broad immunity-it precludes tort liability for "[a]ny claim based upon an act or omission of an employee of the Government ... based upon ... a discretionary function or duty...." 28 U.S.C. § 2680(a). The exception reflects Congress' "wish[ ] to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Varig Airlines , 467 U.S. at 814, 104 S.Ct. 2755. In other words, "if judicial review would encroach upon th[e] type of balancing done by an agency, then the [discretionary function] exception" applies. Begay v. United States , 768 F.2d 1059, 1064 (9th Cir. 1985). The Supreme Court has fashioned a two-part test for determining whether specific claims are barred by the discretionary function exception; therefore, courts apply a two-part test to determine whether an agency's conduct qualifies as a discretionary function or duty. See Gaubert , 499 U.S. at 322-23, 111 S.Ct. 1267.
The Court first assesses whether the challenged conduct was "discretionary in nature." Id. at 322, 111 S.Ct. 1267. Discretionary conduct includes "acts that 'involv[e] an element of judgment or choice.' " Id. If the Court finds that the agency's conduct was discretionary in nature, then it considers whether the actions taken are "susceptible to policy analysis." Id. at 325, 111 S.Ct. 1267. Both prongs must be satisfied for the discretionary function exception to bar claims brought under the FTCA.
Under the first prong, the conduct must be a "matter of choice for the acting employee."
*797 Berkovitz , 486 U.S. at 536, 108 S.Ct. 1954. "The exception covers only acts that are discretionary in nature, acts that 'involv[e] an element of judgment or choice.' " Gaubert , 499 U.S. at 322, 111 S.Ct. 1267 (quoting Berkovitz , 486 U.S. at 536, 108 S.Ct. 1954 ). As a result, " 'it is the nature of the conduct rather than the status of the actor' that governs whether the exception applies." Id. (quoting Varig Airlines , 467 U.S. at 813, 104 S.Ct. 2755 ). If a statute, regulation, or policy allows a federal agency to determine when and how to act, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary. See id. at 329, 111 S.Ct. 1267 ("The relevant statutory provisions were not mandatory, but left to the judgment of the agency the decision of when to institute proceedings against a financial institution and which mechanism to use.").
However, "[t]he requirement of judgment or choice is not satisfied," and the discretionary function exception does not apply, "if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.' " Id. at 322, 111 S.Ct. 1267 (quoting Berkovitz , 486 U.S. at 536, 108 S.Ct. 1954 ). In other words, the discretionary function exception does not apply if the challenged actions in fact violated a federal statute, regulation, or policy. Id. at 324, 111 S.Ct. 1267 ("If the employee violates [a] mandatory regulation, there will be no shelter from liability because there is no room for choice and the action will be contrary to policy."); Berkovitz , 486 U.S. at 547, 108 S.Ct. 1954 ("[I]f the [agency]'s policy did not allow the official who took the challenged action to [act] on the basis of policy considerations[,] the discretionary function exception does not bar the claim."). As the circuit courts have concluded, the reason for this rule is obvious-a federal employee cannot be operating within his discretion if he is in fact violating a nondiscretionary policy. The Fifth Circuit has explained:
Just because the discretionary function exception would generally shield the government from FTCA liability otherwise arising from [a] policy decision, it does not follow that the government is automatically shielded from such liability when the acts of the particular agents seeking to implement that policy violate another federal law, regulation, or express policy. Actions taken to carry out a discretionary policy must be taken with sufficient caution to ensure that, at a minimum, some other federal law is not violated in the process.
Johnson v. Sawyer , 980 F.2d 1490, 1503 (5th Cir. 1992), vacated on other grounds , 47 F.3d 716 (5th Cir. 1995).
Under the second prong of the test, "even 'assuming the challenged conduct involves an element of judgment' " and does not violate a nondiscretionary duty, courts must still decide whether the " 'judgment is of the kind that the discretionary function exception was designed to shield.' " Gaubert , 499 U.S. at 322-23, 111 S.Ct. 1267 (quoting Berkovitz , 486 U.S. at 536, 108 S.Ct. 1954 ); see also Varig Airlines , 467 U.S. at 813, 104 S.Ct. 2755. "Because the purpose of the exception is to 'prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort,' when properly construed, the exception 'protects only governmental actions and decisions based on considerations of public policy.' " Gaubert , 499 U.S. at 323, 111 S.Ct. 1267 (quoting Berkovitz , 486 U.S. at 537, 108 S.Ct. 1954 ; Varig Airlines , 467 U.S. at 814, 104 S.Ct. 2755 (internal citation omitted) ). In this regard, "if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary *798 act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." Id. at 324, 111 S.Ct. 1267.
1. Prong One: Whether the challenged conduct was an act of discretion.
The first prong of the Gaubert test requires determining whether there was any discretion afforded to the government actor, or whether the actor was entirely constrained by a relevant statute, regulation, or policy. Gaubert , 499 U.S. at 322, 111 S.Ct. 1267. Plaintiffs allege liability based on (1) USACE's decision to allow boaters and swimmers to commingle at Sandy Point instead of separating them; and (2) their decision not to warn the public about the allegedly dangerous conditions. The Court will analyze these two claims separately.
"If a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary." Spotts , 613 F.3d at 567. In contrast, the discretionary function does not apply if the challenged actions in fact violated a federal statute, regulation, or policy. Gaubert , 499 U.S. at 324, 111 S.Ct. 1267. The Court finds that Plaintiffs have failed to establish that USACE's conduct did not involve an act of discretion. In the Conservation Code, Congress delegated to USACE, while under the supervision of the Secretary of the Army, the authority "to construct, maintain, and operate public park and recreational facilities at water resource development projects ..." 16 U.S.C. § 460d. This statutory delegation grants broad discretion to USACE by not providing specific instructions on how precisely to accomplish these broad objectives. See Dalehite v. United States , 346 U.S. 15, 36, 73 S.Ct. 956, 97 L.Ed. 1427 (1953) ("Where there is room for policy judgment and decision there is discretion."). The statutory delegation then goes on to address access to the water areas:
The water areas of all such projects shall be open to public use generally for boating, swimming, bathing, fishing, and other recreational purposes, and ready access to and exit from such areas along the shores of such projects shall be maintained for general public use, when such use is determined by the Secretary of the Army not to be contrary to the public interest, all under such rules and regulations as the Secretary of the Army may deem necessary.
16 U.S.C. § 460d.
USACE has subsequently promulgated regulations governing the use of water areas, which make clear that boats can be used generally in all locations except where expressly prohibited and that swimming may also be done at one's own risk anywhere not specifically prohibited. 36 C.F.R. §§ 327.3(c), 327.5(a). Again, the regulations both permit mixed use water areas such as the one at Sandy Point, while simultaneously giving broad discretion to USACE to determine whether and where to limit access to boaters or swimmers. The Court finds that a plain reading of the statute makes clear that the Secretary of the Army is afforded broad discretion to control the use, users, and access to areas such as Sandy Point. Additionally, there is indisputable evidence that USACE did promulgate subsequent regulations using such discretion and that the decision to allow boaters and swimmers to use Sandy Point was a discretionary decision. See 36 C.F.R. §§ 327.3(c), 327.5(a).
Plaintiffs, understandably, argue that USACE's decision allowing swimmers and boaters to cohabitate in the same body of water is inherently dangerous and for this reason believe that USACE's decision was *799 negligent. However, this is not the question before the Court. Instead, the question is whether any discretionary action was taken pursuant to an existing regulation or statute. As repugnant as it might seem given the tragedy that occurred, the question before the Court is not whether the action that was taken, based on the exercise of that discretion, was negligent.
However, the Court finds that the decision whether to place a warning about the allegedly dangerous condition created by USACE's discretionary choice-allowing swimmers and boaters to cohabitate-is not necessarily an exercise of discretion, although it might be. While Defendant may be correct that no statute or regulation compels USACE to place any warning, and the regulations warn that swimming "at one's own risk is permitted," the Court finds that it is not appropriate to dismiss the failure to warn claim at the motion to dismiss stage.
The Government relies on Fifth Circuit precedent holding that both "the evaluation of actual or suspected hazards, and the decision to proceed in a particular manner in light of those hazards, are protected discretionary acts, not subject to tort claims." Ford v. American Motors Corp. , 770 F.2d 465, 467 (5th Cir. 1985) (citing George v. United States , 703 F.2d 90 (4th Cir. 1983) ; Miller v. United States , 710 F.2d 656 (10th Cir. 1983) ). However, "once the government has made a decision to act the government is responsible for acts negligently carried out even though discretionary decisions are constantly made as to how those acts are carried out." Wysinger v. United States , 784 F.2d 1252, 1253 (5th Cir. 1986). In other words, once the Government decided not to post warnings about the allegedly dangerous condition, it may still be held responsible for any danger it might have created after making its discretionary decision. Id. ; Lively v. United States , 870 F.2d 296, 299 (5th Cir. 1989). The Court observes that Plaintiffs have not established that USACE "create[d] an additional danger after it made its discretionary decisions." Lively , 870 F.2d at 299 ; See Wysinger , 784 F.2d at 1254 (discretionary function applies where the "government does not create the danger.").
2. Step Two: Whether the challenged conduct is susceptible to policy analysis.
"[E]ven assuming the challenged conduct involves an element of judgment, and does not violate a nondiscretionary duty, we must still decide whether the judgment is of the kind that the discretionary function exception was designed to shield." Spotts , 613 F.3d at 568 (quotation marks omitted). Specifically, the exception was enacted to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." In re Katrina Canal Breaches Litigation , 696 F.3d 436, 449 (5th Cir. 2012). "The exception, properly construed, therefore protects only governmental actions and decisions based on considerations of public policy." Berkovitz , 486 U.S. at 537, 108 S.Ct. 1954. The exception only shields those acts that are "based on the purposes that the regulatory regime seeks to accomplish." Gaubert , 499 U.S. at 325 n. 7, 111 S.Ct. 1267. Our inquiry is "not whether the decision maker in fact engaged in a policy analysis when reaching his decision but instead whether his decision was susceptible to policy analysis." In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (La. Plaintiffs) , 713 F.3d 807, 810 (5th Cir. 2013).
The Court finds that Defendant's decision permitting boaters and swimmers to cohabitate in the waters of Sandy Point is the type of public policy consideration that *800 the discretionary function exception shields from judicial scrutiny. In Freeman v. United States , the Fifth Circuit oversaw a challenge to federal officials' management of relief operations and evacuation efforts in the aftermath of Hurricane Katrina. 556 F.3d 326, 328 (5th Cir. 2009). The Fifth Circuit held that "the government's decisions about when, where, and how to allocate limited resources within the exigencies of an emergency are the types of decisions that the discretionary function exception was designed to shelter from suit." Id. at 340.
Although no emergency situation is implicated in this case, Freeman is still instructive in that USACE is tasked with deciding when, where, and how to allocate limited resources. USACE is tasked with-and given discretion to-manage a variety of resources at a location like Sandy Point. 36 C.F.R. § 327.1. USACE is tasked with providing "the public with safe and healthful recreational opportunities" while at the same time "protecting and enhancing" the resources providing such opportunities. The Court agrees with Defendants that USACE must balance both factors as it manages its limited resources as best it can in each situation. In light of the "strong presumption" that, where permitted by the relevant statute or regulation, the exercise of choice or judgment implicates relevant policy, decisions regarding how to provide "the public with safe and healthful recreational opportunities" while at the same time "protecting and enhancing" the resources providing such opportunities are grounded in social, economic, and public policy. Gaubert , 499 U.S. at 324, 111 S.Ct. 1267.
In reaching this conclusion, the Court is mindful that the proper inquiry under prong two is not whether Defendant was in fact engaged in a policy analysis when reaching its decision but instead whether the decision was "susceptible to policy analysis." Gaubert , 499 U.S. at 325, 111 S.Ct. 1267 ("The focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis."); see also Shansky v. United States , 164 F.3d 688, 692 (1st Cir. 1999) ("The critical question is whether the acts or omissions that form the basis of the suit are susceptible to a policy-driven analysis, not whether they were the end product of a policy-driven analysis."). The Court finds Plaintiffs have failed to defeat Defendants' contention that regardless of the actual decision-making process, the health, safety, financial, and other feasibility concerns implicated by USACE's discretionary decision render that decision susceptible to policy analysis. As such, the Court dismisses Plaintiffs' claim based on USACE's decision allowing mixed use by boaters at swimmers at Sandy Point.
The question of whether the decision allowing mixed use in certain parts of Sandy Point, without warnings, is susceptible to policy analysis requires a separate discussion. There is certainly Fifth Circuit precedent indicating that the Court should find that the decision whether to warn the public of the mixed use is a discretionary function. For example, there is the decision in Theriot v. United States , in which the Fifth Circuit considered how the USACE was to notify the public of the existence of a sill-an underwater dam formed naturally from sediment-in the Mississippi River. 245 F.3d 388 (5th Cir. 1998). The Fifth Circuit determined that USACE's decision was subject to policy considerations. Id. at 399-400. Those considerations included "the degree of danger an object poses, the vessel traffic type and density, the location of the object in relation to the navigable channel, the history of vessel accidents, and the feasibility and economics, including costs, of erecting and *801 maintaining physical markers in light of the available resources." Id. In Hix v. U.S. Army Corps of Eng'rs , an unpublished opinion, the Fifth Circuit found that USACE's decisions with respect to placing and removing warning signs fell "squarely within the discretionary function exception to the FTCA." 155 F. App'x 121, 126 (5th Cir. 2005). Defendant also argues that the decision whether to post warnings in this situation is the type of decision that is subject to the same policy considerations that underlay Congress' decision to grant USACE discretion to manage the water areas of Temple Lake Park. See Gaubert , 499 U.S. at 324, 111 S.Ct. 1267.
The Court hesitates granting Defendants' motion to dismiss the claim based on a failure to warn because of the holding in the Fifth Circuit case of Wysinger v. United States , 784 F.2d 1252 (5th Cir. 1986). In Wysinger , the Fifth Circuit held:
It is clear in this case that the discretionary action which is at issue was the decision of the Forest Service that a life guard was not necessary at this site. Since appellant's wrongful death claim is based upon failure to have a life guard at the site, the attempt to recover under the Federal Tort Claims Act must fail because the governmental decision not to have a life guard at the site fell in the "discretionary function" exception to jurisdiction under the Federal Tort Claims Act. Only if there had been a life guard on duty who acted negligently, or the government had negligently failed to warn of dangers at the swimming site would there be jurisdiction under the Federal Tort Claims Act.
Id. at 1254 (emphasis added). The Court cannot find that it lacks jurisdiction over a claim of liability based on the failure to warn given the holding in Wysinger . The Court expresses no opinion as to whether Defendant is in fact liable for failing to post warnings or whether Defendant even had a duty to post warnings. Instead, this decision is limited to the question of whether the Court has subject matter jurisdiction to consider the claim or must dismiss.
IV. Conclusion
Because of the foregoing, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss Plaintiffs' Original Complaint. Accordingly:
It is ORDERED that Plaintiffs' claim based on Defendant's allowing both boaters and swimmers to simultaneously use Sandy Point is DISMISSED WITHOUT PREJUDICE pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.
It is FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiffs' claim that Defendant's negligently failed to post warning signs because of a lack of subject matter jurisdiction is DENIED.

The Defendant originally also moved for the Court to dismiss the case based on failure to state a claim. The Defendant has withdrawn its Rule 12(b)(6) arguments.